UNITED STATES DISTRICT COURT
for the
DISTRICT of MASSACHUSETTS

William G. Stevens,
    Plaintiff,

v.

Robert Howland,
Joseph Murphy,
Robert Murphy,
Kathleen Dennehy,
Massachusetts Department of Corrections,
    Defendant

CIVIL ACTION
#

04 11938 JLT

MAGISTRATE JUDGE _____

COMPLAINT

INTRODUCTION

    1. The plaintiff, William G. Stevens, a civilly detained resident of the Massachusetts Treatment Center (hereafter M.T.C.) at Bridgewater, Massachusetts brings this civil rights action against the Staff Program Director of the M.T.C., the Director of Treatment of the M.T.C., the Superintendent of the M.T.C., the Commissioner of Corrections and the Massachusetts Department of Corrections for violation of his civil rights, including the right to practice his religion, Wicca, and not be descriminated against for the practice of that religion.

JURISDICTION

    2. This court has jurisdiction of the subject matter of this case under 28 U.S.C., §§ 1343, and 1367, including pendent and supplemental jurisdiction over claims under the Massachusetts General Laws c. 127, §§ 88 and 39E, c. 30A and c. 231A, which claims are so related to the claims under §§ 1343, that they form part of the same case or controversy.

PARTIES

3. The plaintiff, William G. Stevens, (hereafter Stevens) is a civil detainee at the M.T.C., 30 Administration Rd., Bridgewater, Plymouth County, Massachusetts.

4. The defendant, Robert Howland, (hereafter Howland) is the Staff Program Director of the M.T.C., 30 Administration Rd., Bridgewater, Plymouth County, Massachusetts.

5. The defendant, Joseph Murphy, (hereafter D.o.T) is the Director of Programs and Treatment of the M.T.C., 30 Administration Rd., Bridgewater, Plymouth County, Massachusetts.

6. The defendant, Robert Murphy, (hereafter Superintendent) is the Superintendent of the M.T.C., 30 Administration Rd., Bridgewater, Plymouth County, Massachusetts.

7. The defendant, Kathleen Dennehy, (hereafter Dennehy) is the Commissioner of the Massachusetts Department of Corrections, 50 Maple St., Medford, Worcester County, Massachusetts.

8. The defendant, the Massachusetts Department of Corrections is a "government" within the meaning of 42 U.S.C. §§ 2000cc. Its principle place of business is 50 Maple St., Medford, Worcester County, Massachusetts. The Department of Corrections is sued in its official capacity.

9. Each of the individual defendants is sued in both their official and their individual capacity.

10. At all times relevant to this action each of the defendants was acting under the color of state law.

11. Stevens is currently being detained at the M.T.C.

STATEMENT OF FACTS

12. On September 1, 1999, Stevens pled guilty to a sex offence in the Barnstable Superior Court and was sentenced to prison.

13. Stevens' sentence was completed January 31, 2004.

14. On January 30, 2004 a petition to civilly commit Stevens pursuant to G.L. c. 123A was filed in the Barnstable Superior Court. Stevens was ordered temporarily detained at the M.T.C.

15. Stevens is an adherant of the Wiccan religion, and was elected leader of the M.T.C. Wiccan religious group on March 12, 2004.

16. The M.T.C. has recognized a Wiccan religious group and allows it to meet twice weekly for 90 minutes each.

17. Wiccans have 8 holy days called Sabbats. The Sabbats occur on the solstices and equinoxes as well as the cross-quarters of the year. A copy of the Mass. D.O.C. Handbook Section Four (IV) WiccanCalendar has been attached as Exhibit 1.

18. Wiccans also typically gather on the nights of the new and full moons. These are called Esbats. see Exhibit 1.

19. The Massachusetts Department of Corrections Religious Services Handbook, (hereafter Handbook) Section Three (III), §§ WICCA (1) Holydays/festivals, require that; "If requested Wiccans should be allowed to meet corporately and consume cake and juice to celebrate these holy days. Attached as Exhibit 2.

20. During the last week of January, 2004, Howland was given verbal notice that the Wiccan group would be gathering on February 4, 2004 and that approved foods for corporate Sabbat worship would be needed. This request was denied.

4

21. During the second week of January, 2004, Stevens gave Howland written notice that the Wiccan group would be gathering on March 24, 2004 and that approved foods for corporate Sabbat worship would be needed. This request was denied.

22. On March 22, 2004, Stevens wrote a letter to the D.o.T. requesting that additional time and space be provided to the Wiccan group and that various religious items be provided for corporate Wiccan worship. The letter is attached as Exhibit 3.

23. The Wiccan group is currently forced to meet in a room approximately 8' X 8', known as the "B" corridor therapy room. This room has had to accomodate as many as 10 Wiccan practitioners at one time.

24. The space requested in the March 22, 2004 letter (Exhibit 3) grievance #04-3354 (Exhibit 4) and in the May 18, 2004 letter (Exhibit 10), the "C" Corridor Meeting Room is easily twice the size of the current space and is unused for any obvious purpose.

25. On April 7, 2004 Stevens filed grievance #04-3354 regarding inadequate time, space and equipment for Wiccan worship. A copy of the grievance is attached as Exhibit 4.

26. On April 9, 2004 Stevens submitted a letter to the D.o.T requesting items not previously requested be ordered for Wiccan corporate worship. A copy is attached as Exhibit 5.

27. On April 12, 2004, Stevens was accosted by Howland and informed that there was to be a meeting between Stevens, Howland and the Director of Civil Commitment, John Novero.

28. At the April 12, 2004 meeting it was strongly suggested by Howland and the Director of Civil Commitment that Stevens drop the April 12, 2004 grievance #04-3354 (Exhibit 4). Stevens

5

refused.

29. Stevens was informed by Howland that all aspects of the March 22, 2004 letter (Exhibit 3) were denied and that individual Religious Request forms would have to be submitted for each of the items requested in the April 9, 2004 letter. (Exhibit 5)

30. At the April 12, 2004 meeting Stevens gave Howland written notice that the Wiccan group would be gathering on April 30, 2004 and that the approved foods for corporate Sabbat worship would be needed. This request was denied. A copy of the request is attached as Exhibit 6.

31. On April 15, 2004, Stevens' grievance # 04-3354 was denied citing limited time and space. It was further indicated that requested items were not approved for Wiccans. (Exhibit 4)

32. On April 16, 2004 Stevens appealed the denial of grievance #04-3354 to the Superintendent, indicating where in the Handbook and 103 CMR 471 the requested items were approved. (Exhibit 4)

33. On April 23, 2004, Stevens wrote a letter to the D.o.T providing him with sources for outside volunteers so as to become compliant with 103 CMR 471.09 (2) which requires that an accredited representitive of the Wiccan faith be made available. A copy of 103 CMR 471.09 (2) is attached as Exhibit 7 and a copy of the April 23, 2004 letter is attached as Exhibit 8.

34. On May 6, 2004 Stevens filed a grievance, # 04-3700, requesting that the M.T.C. comply with D.O.C. policy and provide

6

the approved foods for Sabbat worship. A copy of grievance # 04-3700 is attached as Exhibit 9.

35. Grievance #04-3700 further went on to request that the M.T.C. institute a policy whereby this "oversight" wouldn't recur. (Exhibit 9)

36. On May 7, 2004 Stevens' grievance #04-3700 was returned partially approved. The Institutional Grievance Coordinator (IGC), Sgt Edington found that "This institution will ensure cake and juice is provided for upcomming approved Wiccan religious events. (Exhibit 9)

37. The IGC reinforced his assurance of compliance in his response to remedy request #3 that ..."Wiccans be allowed to provide their own Sabbat foods for the corporate celebrations, which was denied. (Exhibit 9)

38. On May 18, 2004 a letter was written to the Deputy Superintendent of the M.T.C. requesting additional space and time be provided to the Wiccan group for religious programs. A copy of the letter is attached as Exhibit 10.

39. At the present time the M.T.C. provides daily access frequently several times per day, to meeting rooms and services including chapel for "mainstream" religious groups for their activities.

40. Protestant, Catholic and Muslim religious groups have access to both office space and equipment to help with the "conduct and administrstion of [their] religious programs".

41. No answer was received to the May 18, 2004 letter.

7

42. During the last week of May, 2004, Stevens was informed by the D.o.T that the corporate worship items from the April 9, 2004 letter had been ordered.

43. On June 11, 2004 the Superintendent partially approved Stevens' grievance #04-3354, denying additional space but, "Request for items in Religious Services Handbook approved. The Director of Treatment will meet with the grievant and arrange purchase of said items. (Exhibit 4)

44. During the third week of June 2004 Stevens found out that less than 20% of the items requested had in fact been purchased. A copy of "notification" is attached as Exhibit 11.

45. Stevens was informed that less than $150.00 had been spent due to budget issues.

46. On June 21, 2004 Stevens wrote a letter to the Superintendent with a G.L. c.66, section 10, Freedom of Information Act request. A copy of the letter is attached as Exhibit 12.

47. Stevens requested a copy of the Inmate Benefit Review report covering the current and previous years as provided for in 103 CMR 476.05. (Exhibit 12)

48. Stevens further requested the D.O.C. Program Account for the current and previous years as provided for in 103 CMR 476.09 as well as any information, knowledge or document responsive to this line of inquiry. (Exhibit 12)

49. No answer has been received to the June 21, 2004 letter.

8

50. On July 1, 2004 Stevens wrote a second letter to the D.o.T, again providing him with the means to contact two (2) nationally reknowned Wiccan groups.

51. Stevens again requested that the D.o.T make use of the information provided to become compliant with 103 CMR 471.09 (2). A copy of the letter is attached as Exhibit 13.

52. No response has been received to either the April 23, 2004 letter (Exhibit 8) or the July 1, 2004 letter (Exhibit13)

53. At the present time the M.T.C. employs full and/or parttime non-inmate clergy members for the Protestant, Catholic and Muslim groups to provide formal and/or informal services for their respective groups as well as to handle confidential material.

54. On July 9, 2004 Stevens gave Howland written notice that the Wiccan group would be gathering on July 30, 2004 and that approved foods for corporate Sabbat worship would be needed. This request was denied.

CLASS ACTION

55. The plaintiff class consists of all persons who are members of the Wiccan religion and are incarcerated at the M.T.C.

56. The class is so numerous that joinder of all members is impractical.

57. There are questions of law and fact common to the class. These questions predominate over questions affecting only individual class members.

58. The claims of Stevens are typical of the claims of the class.

9

59. Stevens will adequately protect the interests of all the class members.

60. A class action is superior to other available methods for a fair and effective ajudication of this action. Seperate actions could result in inconsistant and varying decisions, and in conflicting and incompatable standards of conduct for the defendant.

## COUNT I VIOLATION of CIVIL RIGHTS

61. Stevens incorporates hereto by reference paragraphs 1 to 60 with the same force and effect as though fully set forth herein.

62. The defendants actions violate Stevens' rights under the First and Fourteenth amendments to the United States Constitution.

63. The defendants actions have violated Stevens' rights under the Declaration of Rights of the Massachusetts Constitution, Articles I, II, III, XI, and XIX rights to freedon of religion, freedom of association, the right to seek redress of grievance, access to the court and equal protection of the law.

64. Stevens alleges the named defendants in this case have acted in concert jointly and severly to violate the regulatory statutes and constitutional rights of the plaintiff class as incorporated by reference hereto, which entitles the plaintiff to damages and injunctive relief under 42 U.S.C.§1983.

## COUNT II VIOLATION of RELIGIOUS RIGHTS

65. Stevens incorporates hereto by reference paragraphs 1 to 64 with the same force and effect as though fully set forth

10

herein.

66. Stevens resides in or is confined to an institution as defined in §2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. 1997)

67. The Massachusetts Department of Corrections receives Federal assistance.

68. The actions of the Massachusetts D.O.C. and its employees has imposed a substantial burden on the Religious Rights of Stevens.

69. The substantial burden by the defendants on the religious exercise of Stevens, or removal of the burden would affect interstate commerce. Specifically, foods and other items for corporate religious services would be purchased from vendors from out of state.

70. Stevens is entitled to injunctive and monetary relief pursuant to the Religious Land Use and Institutionalized Persons Act (42 U.S.C., §§2000cc, et seq.)

## COUNT III VIOLATIONS of D.O.C. REGULATIONS

71. Stevens incorporates hereto by reference paragraphs 1 to 70 with the same force and effect as though fully set forth herein.

72. Stevens alleges that he is entitled to judicial review of the denials of his grievances pursuant to G.L. c.30A because the decision was based on error of law because, 103 CMR 471.07 (1)(d) requires that all recognized inmate religious groups

11

**shall** have **equal** access to physical space, equipment and services which the institution normally provides.

73. 103 CMR 471.09 (6) requires that adequate space and equipment **shall** be provided for the conduct and administration of religious programs. And these programs are defined by 103 CMR 471.09 (4) to enclude but not be limited to; worship services religious instruction, reading and study, religious discussion groups and pastoral counciling.

### COUNT IV VIOLATION of M.G.L. c.127§§88

74. Stevens incorporates hereto by reference paragraphs 1 to 73 with the same force and effect as though fully set forth herein.

75. The defendants have violated G.L. c. 127§88 which requires that an inmate of any prison not be denied the free exercise of his religious beliefs according to the dictates of his conscience in the place where he is confined.

### COUNT V REVIEW & ENFORCEMENT of GRIEVANCES

76. Stevens incorporates hereto by reference paragraphs 1 to 75 with the same force and effect as though fully set forth herein.

77. The defendants have acted outside their statutory authority or jurisdiction because G.L. c. 127 §38E, requires that the Department of Corrections promulgate regulations to establish a fair, impartial, speedy and effective system for the resolutition of grievances filed against the department or its officers by inmates.

12

78. Stevens further alleges that the defendants acted in such a manner as to be arbitrary, capricious, abusive of discrection or otherwise not in accordance with law.

79. Stevens is entitled to judicial review of so much of the grievance decisions which illegally denied Stevens his right to religious freedom and equal access to the facilities, equipment and other resources of the D.O.C. for religious practice, and further judicial enforcement of the favorable portions of the grievance decisions which the defendants have failed to impliment as provided by G.L. c.127, §138H and c.30A §14.

## COUNT VI DECLARATORY RELIEF

80. Stevens incorporates hereto by reference paragraphs 1 to 79 with the same force and effect as though fully set forth herein.

81. Stevens alleges that he is entitled to declaratory and injunctive relief, pursuant to 28 U.S.C. §2201, 42 U.S.C. §1983 and G.L. c. 231A declaring that he is entitled to equal access to the physical space, equipment and services which the M.T.C. normally provides as required by 103 CMR 471.07 (1)(d), adequate space and equipment for the conduct and administration of religious programs as required by 103 CMR 471.09 (6), that such equal access include, at minimum, sufficient time to engage in religious activities which include but are not limited to worship services, religious instruction, reading and study, religious discussion groups and pastoral counciling.

13

RELIEF SOUGHT

Wherefore the plaintiff requests that the court grant the following relief:

1. Issue a short order of notice.

2. Reverse the denial of the plaintiffs grievances.

3. Grant a preliminary and perminant injunction restraining the defendant from failing to provide the plaintiff(s) with equal access to physical space, equipment and services which the M.T.C. normally provides for religious groups, including but not limited to the physical space and time to engage in the full scope of approved religious activities.

4. Enter a declaration of the plaintiffs right to equal access for Wiccan religious worship and study.

5. Award the plaintiff damages, costs and reasonable attorneys fees for violation of his civil rights pursuant to 42 U.S.C. 1983.

6. Certify this action as class action.

7. Grant further relief as justice and equity require.

William G. Stevens,
Plaintiff, ProSe.

---

William G. Stevens, Pro Se
Mass Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

14

## VERIFICATION

I, William G. Stevens M-85829, state under the pains and penalties of purjury that I have made all the factual allegations in the foregoing complaint as true and correct, with personal knowledge and observation.

DATED: _____

                                                William G. Stevens

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Stevens v. Howland**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES   **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   **(NO)**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   NO

7. DO **ALL** OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **(YES)**   NO

   A. IF YES, IN WHICH DIVISION DO **ALL** OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   **(EASTERN DIVISION)**   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   **(EASTERN DIVISION)**   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **William G. Stevens, Pro Se**
ADDRESS **30 Administration Rd, Bridgewater, MA**
TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM G. STEVENS

**DEFENDANTS**
ROBERT HOWLAND

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: PLYMOUTH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: PLYMOUTH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

2004 SEP -3 P 2:33
DISTRICT OF MASS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PRO SE

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability

**TORTS - PERSONAL INJURY**: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**: ☐ 362 Personal Injury — Med. Malpractice; ☐ 365 Personal Injury — Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**REAL PROPERTY**: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**CIVIL RIGHTS**: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☒ 440 Other Civil Rights

**PRISONER PETITIONS**: ☐ 510 Motions to Vacate Sentence; HABEAS CORPUS: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF CIVIL RIGHTS, INCLUDING THE RIGHT TO PRACTICE RELIGIOUS BELIEFS AND NOT BE DESCRIMINATED AGAINST FOR THE PRACTICE OF THAT RELIGION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/26/04
SIGNATURE OF ATTORNEY OF RECORD: William Stevens   PRO SE

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____