UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
WILLIAM G. STEVENS,              )
            Plaintiff,           )
                                 )
        v.                       )   C.A. No. 04-11938-JLT
                                 )
ROBERT HOWLAND, et al.,          )
            Defendants.          )
```

MEMORANDUM AND ORDER OF DISMISSAL
FOR MASSACHUSETTS DEPARTMENT OF CORRECTION

For the reasons stated below, plaintiff is directed to submit a signed copy of the complaint within forty-two days and his claims against the Massachusetts Department of Correction are dismissed.

BACKGROUND

Plaintiff William G. Stevens, a civilly-committed person at the Massachusetts Treatment Center, commenced this action on September 3, 2004, by filing an application to proceed without prepayment of fees and a complaint naming certain directors and the Superintendent of the Center, as well as the commissioner of the Department of Correction and the Department itself.  Stevens contends that his constitutional right to practice his Wiccan religion have been violated by defendants based on events occurring at the Center in January through June 2004.  The complaint submitted Stevens is not signed by him.

ANALYSIS

I.   The Court May Screen This Action

Section 1915 of title 28 authorizes federal courts to

dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Complaints containing claims based on indisputably meritless legal theories or factual allegations that are clearly baseless may be dismissed sua sponte and without notice.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or the Court lacks subject-matter jurisdiction to review the claims.  See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed). Here, plaintiff's claims against the Massachusetts Department of Correction are subject to dismissal based on Eleventh Amendment immunity.

A.    The Massachusetts Department of
      Correction Has Eleventh Amendment Immunity

The Eleventh Amendment[1] bars suits against an unconsenting state brought by its own citizens as well as by citizens of another state. Pennhurst State Sch.& Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  A suit against a state's agencies or departments is a suit against the state.  Id.; Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) ('There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such suit.').  The jurisdictional bar applies regardless of the nature of relief sought. Pennhurst, 465 U.S. at 100; Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought.").    The Department of Correction is a state agency created and organized pursuant to Massachusetts law. Mass. Gen. Laws ch. 27, § 1, et seq. (creating Department of Correction).  Thus, plaintiff's claims against the Department of

---

[1]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

Correction are barred by the Eleventh Amendment and must be dismissed. Pennhurst, 465 U.S. at 100; Edelman v. Jordan, 415 U.S. 651, 662-663 (1974); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

   II.  Plaintiff Has Failed To Sign the Complaint

   A party proceeding pro se must sign every paper filed by him in this Court.  See Fed. R. Civ. P. 11(a).[2]  The reason for this rule is that a pro se party's signature constitutes a certification to the Court that the party has submitted the

_____

   [2]Federal Rule of Civil Procedure 11(a) provides:

   Signature. Every pleading, written motion, and other
   paper shall be signed by at least one attorney of
   record in the attorney's individual name, or, if the
   party is not represented by an attorney, shall be
   signed by the party. Each paper shall state the
   signer's address and telephone number, if any.
   Except when otherwise specifically provided by rule
   or statute, pleadings need not be verified or
   accompanied by affidavit. An unsigned paper shall be
   stricken unless omission of the signature is
   corrected promptly after being called to the
   attention of the attorney or party.

Fed. R. Civ. P. 11(a).

paper in good faith.  Fed. R. Civ. P. 11(b).[3]  Further, a
party's signature makes certain that persons named as parties
in an action in which there is no lawyer actually have
assented to the filing of an action in which they may be bound
or have their rights waived.  See Herrera- Venegas v. Sanchez-
Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (rejecting attempt of

---

[3]Federal Rule of Civil Procedure 11(b) provides:

Representations to Court. By presenting to the court
(whether by signing, filing, submitting, or later
advocating) a pleading, written motion, or other
paper, an attorney or unrepresented party is
certifying that to the best of the person's
knowledge, information, and belief, formed after an
inquiry reasonable under the circumstances,--
   (1) it is not being presented for any improper
   purpose, such as to harass or to cause
   unnecessary delay or needless increase in the
   cost of litigation;

   (2) the claims, defenses, and other legal
   contentions therein are warranted by existing
   law or by a nonfrivolous argument for the
   extension, modification, or reversal of existing
   law or the establishment of new law;

   (3) the allegations and other factual
   contentions have evidentiary support or, if
   specifically so identified, are likely to have
   evidentiary support after a reasonable
   opportunity for further investigation or
   discovery; and

   (4) the denials of factual contentions are
   warranted on the evidence or, if specifically so
   identified, are reasonably based on a lack of
   information or belief.

Fed. R. Civ. P. 11(b).

non-lawyer prisoner to enter appearance as "paralegal
counsel").[4]

An unsigned paper must be stricken unless omission of the
signature is corrected promptly after being called to the
attention of the party.  Fed. R. Civ. P. 11(a); accord Duke v.
Crowell, 120 F.R.D. 511, 513 (W.D. Tenn. 1988) (directing
plaintiffs to file a copy of the complaint signed by each of
them within 10 days or court would sua sponte strike the
complaint); Hadlock v. Bechler, 136 F.R.D. 157, 159 (W.D. Ark.
1991) (dismissing complaint after attorney failed to remedy
defect after notice).  Stevens will be granted time to correct
the defect in signature by filing a copy of the complaint
bearing  his signature but if he fails to timely comply with
this order, his claims against the remaining defendants will
be dismissed without prejudice.

### CONCLUSION

ACCORDINGLY,

(1) Plaintiff shall file a signed copy of the complaint

---

[4]A non-attorney, pro se party may only represent himself
and not any other person or entity and may not prosecute
claims on behalf of another party.  See, e.g., Feliciano v.
DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who
is not an attorney admitted to practice in this court cannot be
allowed to represent any other person, any class, or other legal
entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar
of this court. . . . will be allowed to appear and practice before
the court only in his own behalf.").

within forty-two days of the date of this Memorandum and Order
or this action will be dismissed without prejudice; and

(2) Plaintiff's claims against the Department of
Correction are dismissed based on Eleventh Amendment immunity

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>October</u>, 2004.

<u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE
