25

ADDITIONAL RELIEF

Wherefore the plaintiff requests that the court grant the following relief in addition to that requested in the origional complaint

1.  The court enjoin the defendants preliminarily and permanantly from:

> a)  failing to provide copies of legal documents and legal reference materials, including copies reported and unreported of case decisions and sample pleadings for the benifit of the plaintiff and his attorney, copies of letters to public officials, copies to the press and copies of statutes and regulations.
>
> b)  from impeading or interfering with the use of the law library in any manner inconsistant with the least restrictive alternative appropriate to the plaintiff, or inconsistant with maximizing access to the library for the plaintiff and other prisoners.

2.  The court grant a preliminary injunction enjoining the defendants from failingto immediately:

2 6

a) implementing the least restrictive conditions of confinement necessary for the plaintiff, which shall not be any more restrictive than the conditions of confinement at N.C.C.I. Gardner or alternatively return the plaintiff to N.C.C.I. Gardner to be held under the same conditions of confinement under which he was held immediately prior to his transfer to the M.T.C.

b) remove all restrictions on telephone calls made by the plaintiff and all other prisoners at the M.T.C., including the manner in which the plaintiff can pay for these calls.

c) comply with the minimum standards of fitness for human habitation by immediately ending double bunking in cells with less than 140 square feet of floor space and all other minimum standards of fitness for human habitation set out in 105 CMR 410.

d) allow the plaintiff and other prisoners at the M.T.C. to purchase and have a computer and a printer together with compact discs containing legal reference materials such as; Massachusetts Decisions, U.S. Supreme Court Decisions, Massachusetts General Law and the Code of Massachusetts Regulations

e) provide the plaintiff and all other prisoners at the M.T.C. with effective sex offender treatment without requiring the plaintiff to waive his right to not incriminate himself of waive his rights to confidential treatment.

3. Grant the plaintiff and all other prisoners at the M.T.C. damages in an amount equal to the unauthorized

27

momnitary exactions paid by the plaintiff as commissions on collect phone calls which have been paid to the General Fund of the Commonwealth.

4.   Declair that M.G.L. c. 123A is unconstitutional as applied to the plaintiff and all other prisoners confined at the M.T.C. and order the immediate release of the plaintiff.

5.   The court enjoin the defendants preliminarily and perminantly from subjecting the plaintiff and all other prisoners confined at the M.T.C. to a grievance process that does not comply with M.G.L. c. 127, § 38E.

6.   Grant Stevens damages equal to the complete replacement of the medicine bag and its contents.

## VERIFICATION

I, William G. Stevens M-85829, state under the pains and penalties of purjury that I have made all the factual allegations in the foregoing complaint as true and correct, with personal knowledge and observation.

DATED:_____

William G. Stevens

William G. Stevens,
Plaintiff, ProSe.

William G. Stevens, ProSe
Mass Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

## ADDITIONAL EXHIBITS

### TABLE OF CONTENTS

| EXHIBIT # | PAGE(s) | DESCRIPTION |
|---|---|---|
| 14 | 1-3 | August 26, 2004 letter to Superintendent |
| 15 | 1-3 | Grievance #5562, with notifications of extention |
| 16 | 1 | Superintendents response to 8/26/04 letter |
| 17 | 1-4 | Grievance #3150, appeal to grievance #3150 and Superintendents decision on appeal to grievance #3150 |
| 18 | 1 | Waiver of confidentiality |
| 19 | 1-6 | Grievance #3362, appeal to grievance #3362 and Superintendents decision on appeal to grievance #3362 with request for extention |
| 20 | 1 | Grievance # 5544 |
| 21 | 1 | Grievance # 6078 |

AUGUST 26, 2004

WILLIAM G. STEVENS
M 85829    D-1

ROBERT MURPHY
SUPERINTENDENT MTC

RE CONVERSATION OF 8/18/04 "HAPPY HOUR"

On AUGUST 18, 2004 DURING A SHAKEDOWN OF MY CELL, D-1-10, OFFICER MORETON OBSERVED MY PRAYER BAG. THE OFFICER THEN OPENED THE BAG AND DUMPED THE CONTENTS ON THE FLOOR OF THE CELL. DURING THE UNTYING OF THE BAG THE CORD SECURING IT WAS BROKEN.

In 2000 I BEGAN THE WICCAN PRACTICES GROUP AT N.C.C.I GARDNER. THIS IN TURN CAUSED A WORKING RELATIONSHIP TO DEVELOP BETWEEN MYSELF AND THE LEADERS OF THE NATIVE AMERICAN GROUP AT N.C.C.I. AS A RESULT OF THIS POSITIVE RELATIONSHIP, THE OUTSIDE NATIVE AMERICAN VOLUNTEER AND THE CHIEF OF THE GROUP MADE ME A MEMBER OF THE NATIVE AMERICAN SPIRITUAL AWARENESS COUNCIL. SHORTLY AFTER, THE NATIVE AMERICANS OUTSIDE VOLUNTEER AND A HIGH PRIESTESS OF THE WICCAN FAITH ASSEMBLED AND PRESENTED ME WITH A BAG THAT CONTAINED ELEMENTS OF BOTH FAITHS iE: SEA SALT, CRUSHED INCENSE AND A STONE FROM THE WICCAN FAITH AND SAGE, PINE AND A STONE FROM THE NATIVE FAITH.

DUE, IN PART, TO THE RELIGIOUS NATURE OF THE NATIVE AMERICAN GROUPS THE SIZE, SHAPE AND COLOR OF THE PRAYER/MEDICINE BAGS HAS BEEN SPECIFICALLY

OUTLINED IN VARIOUS POLICIES AND IN THE MASSACHUSETTS DEPARTMENT OF CORRECTIONS RELIGIOUS SERVICE HANDBOOK. THE REASON GIVEN IN COURT FOR THE NECESSITY OF THESE LIMITATIONS WAS SO THAT D.O.C OFFICERS COULD READILY IDENTIFY THE BAGS AND WOULD UNDERSTAND THEIR RELIGIOUS SIGNIFICANCE. IT WAS FURTHER ORDERED BY THE COURT AND ACQUIESCED TO BY THE D.O.C. THAT THE BAGS SHOULD NOT BE OPENED BY THE OFFICERS. THE OFFICER COULD ORDER THE INMATE TO OPEN THE BAG FOR INSPECTION AND IF THE INMATE REFUSED THE OFFICER WOULD CALL IN A RELIGIOUS EMPLOYEE OF THE D.O.C IE: A CATHOLIC PRIEST, PROTESTANT MINISTER OR IMAM WHO WOULD OPEN THE BAG SHOWING THE PROPER REVERENCE FOR THE BAG, ITS CONTENTS AND THE NATIVE AMERICAN BELIEFS.

UPON RETURNING TO MY CELL AFTER THE SHAKEDOWN I OBSERVED THE DESECRATION OF THE BAG, THE MISSING CONTENTS AND THE BROKEN CORD. I PROCEEDED TO THE OFFICERS STATION AND CONFRONTED OFFICER MORETON. THE OFFICER INDICATED THAT HE DID OPEN THE BAG BUT HAD NO IDEA WHAT IT WAS OR THAT IT HELD ANY RELIGIOUS SIGNIFICANCE. WHEN I ATTEMPTED TO EXPLAIN THE POLICIES GOVERNING THESE BAGS HE DENIED ANY KNOWLEDGE OF THESE POLICIES. BEFORE LEAVING FOR THE LUNCH MEAL OFFICER MORETON QUESTIONED ME ABOUT MY RELIGION AND WHERE I HAD GOTTEN THE POLICIES FROM. I EXPLAINED AS BEST I COULD. OFFICER MORETON APPROACHED ME AGAIN AFTER LUNCH AND APOLOGIZED FOR WHAT WAS DONE. I BELIEVE OFFICER MORETONS APOLOGY TO BE HONEST AND HEARTFELT AND ACCEPTED IT AS SUCH.

THIS BRINGS THE ISSUE SQUARELY ON THE

SHOULDERS OF M.T.C. ADMINISTRATION WHOSE JOB IT IS TO MAKE ITS OFFICERS AWARE OF THESE TYPES OF POLICIES. I KNOW THAT THE LEVEL OF COMPLAISANCE OF RESIDENTS HAS, IN THE PAST, ALLOWED A DEGREE OF LAXITY WITH REGARD TO THE FOLLOWING OF POLICIES OF THIS NATURE. THE "NEW BREED" OF RESIDENT IS BRINGING WITH IT A HIGHER DEGREE OF LITIGOUSNESS AND LESS OF A WILLINGNESS TO LET THESE INCIDENTS PASS WITHOUT COMMENT.

AS MY RELIGIOUS AND CIVIL RIGHTS ARE VERY IMPORTANT TO ME I AM REQUESTING THAT A RESOLUTION BE AGREED TO BY M.T.C. ADMINISTRATION THAT WOULD ENSURE THE WIDEST DISSEMINATION OF THE APPLICABLE POLICIES AMONG M.T.C. EMPLOYEES. I SPECIFICALLY REQUEST THAT THE POLICY APPLICABLE TO THE INSTANT ISSUE BE READ AT THE BRIEFINGS OF ALL THREE SHIFTS ON THREE (3) CONSECUTIVE DAYS, THE POLICY BE POSTED ON THE BRIEFING ROOM BULLETIN BOARD AND THE I.M.S COMPUTER SYSTEM AND FINALLY THAT NOTIFICATION OF THESE POSTINGS BE PLACED ON WHATEVER THE M.T.C. EQUIVALENT OF THE 9 LIVE OR INFORMATION NUMBER.

RESPECTFULLY,

WILLIAM G. STEVENS
M-53324

cc FILE
ATTORNEY DAY
KATHLEEN DENNEHY

# COMMONWEALTH OF MASSACHUSETTS

EXHIBIT 15

## DEPARTMENT OF CORRECTION

Page 1

### INMATE GRIEVANCE FORM

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | |
|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | **Grievance#** 5562 | **Institution** | MASS. TREATMENT CENTER | |
| **Commit No.** | M85829 | **Housing** D1 | **Date Of Incident** 20040907 | **Date Of Grievance** 20040907 | |

**Complaint**
On August 18 or 19 my cell was subjected to a shakedown by C/O Morton. During the course of this shakedown, C/O Morton observed my Medicine Bag hanging with my religious medalion. The Medicine Bag fell within the parameters regarding size shape and color as setforth in DOC policy. The officer chose to ignore the policy covering the search of Medicine Bags as setforth by DOC policy. During the search of the Bag, it was damaged and the contents, which were of religious significance, were desecrated when the officer poured them out onto the floor of the cell afterwhich he walked on them repeatedly during thr remainder of the shakedown, making them unidentifiable and unusable.

**Remedy Requested**
That the DOC replace the bag and its contents and provide me with the access to the time, space, and materials to cleans and consecrate the bag and it's contents.

**Staff Recipient**
Edington Glenn E   CO II

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| | | | |
|---|---|---|---|
| **Date Received** | 20040909 | **Decision Date** | 20041015 |

**Signature** Edington Glenn E   CO II

**Final Decision** APPROVED

**Decision**
An investigation was conducted on this matter, where the Officer has been instructed on the proper handling / searching of religious items / property. The Superintendent has properly responded to the grievant in writing and there is no further pending action at this time.

**Signature** _Sgt. Glen Eington_            **Date** 10-15-04

**Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.**

---

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Institution** | MASS. TREATMENT CENTER |
| **Commit No.** | M85829 | **Grievance#** 5562 | **Date Received** | 20040909 |

**Signature.** Edington Glenn E   CO II

EXHIBIT 15

Page 2

TO: _William Stevens M 858 29_

FROM: _Sgt. Glenn Edington_

DATE: _9-19-04_

RE: **EXTENSION OF TIME PERIODS**

PER **103 CMR 491, INMATE RESIDENT GRIEVANCES, SECTION 491.18,**

**EXTENSION OF TIME PERIODS,** THE TIME PERIODS REFERRED TO IN 103

CMR 491 FOR FILING A GRIEVANCE OR APPEAL OR FOR A RESPONSE TO

ANY INMATE/RESIDENT MAY BE EXTENDED FOR A LIKE PERIOD IF THE IGC

OR SUPERINTENDENT DETERMINES THAT THE INITIAL PERIOD IS

INSUFFICIENT TO MAKE AN APPROPRIATE DECISION OR IF THE

INMATE/RESIDENT PRESENTS A LEGITIMATE REASON FOR REQUESTING

AN EXTENSION.  PER THE ABOVE **CMR** THE TIME EXTENSION FOR A

DECISION TO GRIEVANCE #_____ _5562_ _____ IS BEING EXTENDED BY TEN

(10) WORKING DAYS.

**A DECISION IS NOW PENDING,** _____.

CC:    MTC – IGC
       INMATE/RESIDENT

D-1

EXHIBIT 15

Page 3

TO: William Stevens M85829

FROM: Sgt. Glenn Edington

DATE: 10-2-04

RE:    **EXTENSION OF TIME PERIODS**

**PER 103 CMR 491, INMATE RESIDENT GRIEVANCES, SECTION 491.18,**

**EXTENSION OF TIME PERIODS,** THE TIME PERIODS REFERRED TO IN 103

CMR 491 FOR FILING A GRIEVANCE OR APPEAL OR FOR A RESPONSE TO

ANY INMATE/RESIDENT MAY BE EXTENDED FOR A LIKE PERIOD IF THE IGC

OR SUPERINTENDENT DETERMINES THAT THE INITIAL PERIOD IS

INSUFFICIENT TO MAKE AN APPROPRIATE DECISION OR IF THE

INMATE/RESIDENT PRESENTS A LEGITIMATE REASON FOR REQUESTING

AN EXTENSION.  PER THE ABOVE **CMR** THE TIME EXTENSION FOR A

DECISION TO GRIEVANCE #__5562____ IS BEING EXTENDED BY TEN

(10) WORKING DAYS.

**A DECISION IS NOW PENDING,** _____.

CC:    MTC – IGC
       INMATE/RESIDENT

EXHIBIT 16

Page 1

## MASSACHUSETTS TREATMENT CENTER

October 7, 2004

William Stevens, M85829
Unit D-1

Dear Mr. Stevens,

I have received your letter of August 26, 2004 regarding a complaint that a correction officer inappropriately handled your religious item during a room search. You submitted the letter at my suggestion following a discussion we had prior to that date.

I have reviewed this matter and determined that the officer acknowledges that he was unfamiliar with your religious item. The officer has since been informed of the proper procedure for handling religious items.

Your complaint has been properly addressed and no further action is warranted at this time.

Sincerely,

R. Murphy
Superintendent

Cc:    file

EXHIBIT 17

Page 1



MAR 2 0 2004

ATTACHMENT "A"

### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**SECTION "A"**

NAME: William G. Stevens    INSTITUTION: Mass. Treatment Center

NUMBER: M-85829    HOUSING UNIT: D-1    DATE OF INCIDENT: Mar. 15, 2004

COMPLAINT: Please see attached.

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED: Please see attached.

INMATE SIGNATURE: _William Stevens_    DATE: Mar. 15, 2004

STAFF RECIPIENT: _____    DATE: 3-20-04

DATE RECEIVED: 3-20-04

**SECTION "B"**

ASSIGNED GRIEVANCE NUMBER: 2004-3150

DECISION RENDERED:    ____ APPROVED
                      _✓_ DENIED

SUMMARY OF FINDINGS: Grievance is denied

The Massachusetts Treatment Center subscribes to services
which provide updated cases as those cases become
available. There is no requirement that the MTC provide
copies of decisions for attorneys. You may cite the case
in your letter to your attorney for his reference.

IGC SIGNATURE: _Glen Edington_    DATE: 4-1-04

(DENIED GRIEVANCES MAY BE APPEALED TO THE SUPERINTENDENT WITH 10 DAYS OF IGC'S DECISION.)

**SECTION "C"**
#### INMATE GRIEVANCE RECEIPT

INMATE NAME: Stevens, William    INSTITUTION: MTC

NUMBER: M85829    DATE RECEIVED: 3-20-04

SIGNATURE (IGC): _____    TITLE: Sgt.

01/05/01

491 - 13

EXHIBIT 17

Page 2

Grievance regarding refusal of Law Library to copy a Supreme Court Decision.

On March 16, 2004, I submitted a letter to my lawyer in which I referenced the decision of Crawford v. Washington a brand new Supreme Court Decision which was issued on March 9, 2004 I wanted to enclose a copy of the decision which had been mailed into my cell mate Joel Pentlarge. At the present time Law Library has not received a copy of this decision. Because the decision potentially affects what materials the qualified examiners can review before interviewing me, the decision and my attorney's consideration of it is highly time sensitive.

My cell mate is unwilling to give up the only copy of this decision which he has. In addition there are many other prisoners in this correctional facility who may be directly impacted by this decision who would like to have a copy of it.

The librarian refused to copy this case citing 103 MTC VII, f. "Legal Book Materials will not be copied."

The code of Mass Regulations 103 CMR 478.11(4) provides

Photocopies

(a) Photocopying services shall be for the purpose of duplicating original legal documents and for the purpose of increasing access to the legal collection. The superintendent shall designate the staff members responsible for photocopying legal documents and legal reference materials.

This CMR which has the force of law makes it clear that law books, i.e. "legal reference materials", are to be copied for inmates as a way to increase access to the legal collection.

Access to the law library is severely restricted. Access is limited to between 2 and 3 hours per day, five days per week. One way to increase access to the legal collection is to allow prisoners to make copies of legal case decisions. This was allowed at Gardner. Allowing adequate access to the legal materials is required by Bounds v. Smith and Cepulonis v. Fair, 563 F.Supp. 659.

Please note that the Librarian also refused to make a copy of this grievance which is an original legal document and is absolutely required as prerequesite to filing any action against the DOC for failure to comply with the CMR's.

Relief Requested

The MTC procedural statement be changed to conform to 103 CMR 478.11(4) and the library begin copying legal reference materials including copies of Supreme Court decisions and original legal materials including grievances.

EXHIBIT 17
Page 3

ATTACHMENT "C"

## DEPARTMENT OF CORRECTION
## INSTITUTION APPEAL FORM
### FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

**SECTION A**

NAME: William Stevens _____   INSTITUTION: Mass. Treatment Center

NUMBER: M85829 _____ HOUSING UNIT: D-1 _____   DATE OF INCIDENT: 3/16/04

APPEAL: Denial of my grievance for refusal of the library
to make a copy of a brand new U.S. Supreme Court Case
Crawford v. Washington, which is very relevant to my case
and which I wanted to send to my lawyer immediately.

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED: Comply with 103 CMR 478.11(4), which is designed to
guarantee my right to communicate with my attorney, and stop
censoring the materials which I wish to send copies of to
my attorney.

INMATE SIGNATURE: _William Stevens_ DATE: 4/5/04

STAFF RECIPIENT: _____ DATE: _____

DATE RECEIVED: _____

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: 2004-3150

ASSIGNED INSTITUTION APPEAL NUMBER: _____

DECISION RENDERED: _____ APPROVED
                    ✓ DENIED

SUMMARY OF FINDINGS: MTC procedural statement to 103 CMR 478, states in §.VII(C)
"legal/books materials will not be copied." This language will
not be revised and consistently is applied to all requests for
legal copying.

SUPERINTENDENT'S
SIGNATURE: _____   DATE: 4/12/04

**SECTION C**

INMATE APPEAL RECEIPT   Library Copy Griev.

INMATE NAME: William Stevens        D-1    INSTITUTION: MTC

NUMBER: M85829                 DATE RECEIVED: 4/12/04

RECEIPTING STAFF: _Jerry Miranda_    TITLE: AAI

01/05/01

# COMMONWEALTH OF MASSACHUSETTS

EXHIBIT 17

## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE APPEAL FORM

Page 4

#### FORWARD TO SUPERINTENDENT

| | | | | |
|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Institution** | MASS. TREATMENT CENTER |
| **Number** | M85829 | **Housing** D1 | **Appeal Date** | 05-APR-2004  **Date Of Grievance** 15-MAR-2004 |
| | | | **Appeal Received Date** | 12-APR-2004 |

**Appeal Remedy Requested**  denial of my grievance for refusal of the library to make copy of a brand new U.S. Supreme Court Case, Crawford v. Washington ,which is very relevant to my case and which I wanted to send to my lawyer immediately.

comply with 103 CMR 478.11 (4), which is designed to guarantee my right to communicate with my attorney,and stop censoring the materials which I wish to send copies of to my attorney.

**Staff Recipient**  Edington Glenn E  CO II

**Signature**

---

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| **Appeal Received Date** | 12-APR-2004 | **Decision Date** | 14-APR-2004 | **Decision** | Denied |

**Decision By**  Murphy Robert F  CO II

**Reasons**  MTC procedural statement  to 103 CMR 478 states in S.VII (f), "legal book materials will not be copied ". This language will not be revised and consistently is applied to all requests for legal copying.

**Signature**

6/1/04 - In accordance with 103 CMR 491, I have reviewed grievance/grievance appeal #3150 concerning your request for a copy of a court case to send to your attorney.

Please be advised that I support the Superintendent's decision to deny your grievance, as your attorney has the means to review obtain court cases cited by you.  Therefore, I concur that it is not necessary for you to provide your attorney with photocopies. Furthermore, because you have regular access to the library, you may copy the court case by hand or by utilizing available typewriters.

*Kristie Ladouceur*
Kristie Ladouceur
Department Grievance Coordinator

**Date**

---

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Inmate's Name** | STEVENS WILLIAM G | | **Institution** | MASS. TREATMENT CENTER |
| **Number** | M85829 | | **Appeal Received Date** | 12-APR-2004 |
| **Staff Recipient** | Edington Glenn E  CO II | | | |

**Superintendent's Signature**



**Forensic**
**Health**
**Services**
Incorporated

## Informed Consent for Treatment

I, _____, understand that as a current resident/inmate of the Massachusetts Treatment Center, I will be given the opportunity to participate in treatment. I understand that if I choose to participate in treatment, I am aware of the following:

1. My treatment records may be reviewed by Qualified Examiners and other evaluators for court proceedings under MGL Chapter 123A to determine whether I am a Sexually Dangerous Person. The commitment period for Sexually Dangerous Persons is one day to life.

2. My treatment records may be reviewed by District Attorneys and defense attorneys for court proceedings under MGL Chapter 123A. FHS will comply with all D.O.C. regulations, State and Federal laws regarding the release of documents.

3. Therapists from the Massachusetts Treatment Center may be subpoenaed to appear in court at such hearings to address issues related to my participation in treatment.

4. Anything I say or disclose in treatment or in discussions with a therapist will not be confidential and could be used to evaluate my status for clinical, classification or commitment purposes.

5. I understand the above statements and I am choosing to participate in sex offender treatment voluntarily, knowing that there is no expectation of confidentiality.


_____          _____
Resident/Inmate Signature                              Date


_____
DOC ID #


_____          _____
Staff Signature (Witness)                                 Date



2004 Forensic Health Services

EXHIBIT 19

Page 1



RECEIVED
APR 1 0 2004
By_____

ATTACHMENT "A"

DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM
FORWARD TO THE INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

SECTION "A"

NAME William Stevens _____ INSTITUTION Mass. Treatment Center

NUMBER M85829 _____ HOUSING UNIT: D-1 _____ DATE OF INCIDENT 4/8/04

COMPLAINT: When I was moved from N.C.C.I. to the MTC all of
my property which I was not allowed to bring with me, was lost
including but not limited to the items listed on the attached
list.

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED: Replace or reimburse me for each of the items of
property on the list.

INMATE SIGNATURE: _____ DATE: 4/8/04

STAFF RECIPIENT: _____ DATE: 4/10/04

DATE RECEIVED: _____ 4-10-04

SECTION "B"

ASSIGNED GRIEVANCE NUMBER: ___ 04 - 3362 _____

DECISION RENDERED:          APPROVED
                        ✓ DENIED

SUMMARY OF FINDINGS:
Grievance is denied.  Information provided by NCCI Gardner, indicated
grievant on the day of his release, brought no property from his housing
Unit, to the property Dept as required.  According to officers DeLabreck and
K. Tardiff, grievant could not account for his property or it's whereabouts
and had suggested it was either lost or stolen.  Grievant had the responsibility
to pick his own property and forward it to the property Dept, which he failed to do.
cannot substantiate claim.
IGC SIGNATURE: _____ DATE: 5-6-04
(DENIED GRIEVANCES MAY BE APPEALED TO THE SUPERINTENDENT WITH 10 DAYS OF IGC'S DECISION.)

SECTION "C" #3362

INMATE GRIEVANCE RECEIPT   Lost Property Grievance

INMATE NAME: ___ William Stevens _____ INSTITUTION: M.T.C.

NUMBER: M85829 _____ DATE RECEIVED: _ 4-10-04

SIGNATURE (IGC): _____ TITLE: Sgt.

EXHIBIT 19

Page 2

LIST OF PROPERTY LOST

| MISSING ITEM | REPLACEMENT COST |
|---|---|
| 1 Lakewood Oscilating Fan | $26.25 |
| 1 non Boiling Hot Pot | $17.00 |
| 1 6' Extention Cord | $ 1.31 |
| 1pr Nike Tennis Shoes | $56.29 |
| 2 Decks Playing Cards | $ 2.62 |
| 1 Bowl w/ Lid | $ .75 |
| 1 Vented Hair Brush | $ 2.34 |
| 1 Photo Album | $ 2.11 |
| 1 Combination Lock | $ 6.19 |
| 1pr Sweat Pants | $14.79 |
| 1pr Fleece Shorts | $12.95 |
| 2pr Socks | $ 3.30 |
| 2 T-Shirts | $ 5.92 |
| 2 Boxer Shorts | $ 6.32 |
| 1 Book Self Initiation into the Golden Dawn | $34.95 |
| 1 Book Complete Book of Witchcraft | $17.95 |
| 1 Book 21 Lessons of Merlyn | $14.95 |
| 1 Book Astrology for Beginners | $12.95 |
| 1 Book Sabbats | $17.95 |
| 1 Book Wiccan Beliefs and Practiced | $14.95 |
| 1 Book Witches God | $19.00 |
| 1 Book Witches Goddess | $18.00 |
| Personal Papers | |
| Religious Papers | |
| Legal Papers | |
| Various Sundries | |

EXHIBIT 19

Page 3

TO: William Stevens M85879

FROM: Sgt. Glenn Edington

DATE: 4-23-04

RE: **EXTENSION OF TIME PERIODS**

PER **103 CMR 491, INMATE RESIDENT GRIEVANCES, SECTION 491.18,**

**EXTENSION OF TIME PERIODS,** THE TIME PERIODS REFERRED TO IN 103

CMR 491 FOR FILING A GRIEVANCE OR APPEAL OR FOR A RESPONSE TO

ANY INMATE/RESIDENT MAY BE EXTENDED FOR A LIKE PERIOD IF THE IGC

OR SUPERINTENDENT DETERMINES THAT THE INITIAL PERIOD IS

INSUFFICIENT TO MAKE AN APPROPRIATE DECISION OR IF THE

INMATE/RESIDENT PRESENTS A LEGITIMATE REASON FOR REQUESTING

AN EXTENSION.  PER THE ABOVE **CMR** THE TIME EXTENSION FOR A

DECISION TO GRIEVANCE # 04-3362 IS BEING EXTENDED BY TEN

(10) WORKING DAYS.

**A DECISION IS NOW PENDING,** _____.

CC:    MTC – IGC
       INMATE/RESIDENT

ATTACHMENT "C"    **EXHIBIT 19**

Page 4

DEPARTMENT OF CORRECTION
INSTITUTION APPEAL FORM
FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

**SECTION A**

NAME: William Stevens          INSTITUTION: MTC

NUMBER: M-85829    HOUSING UNIT: D-1    DATE OF INCIDENT: 4/8/04

APPEAL:          Please see attached

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY
REQUESTED: Replace or reimburse me for each of the items of
property on the list attached to the origional grievance.

INMATE SIGNATURE: _William Stevens_    DATE: 5/12/04

STAFF RECIPIENT: _____    DATE: _____

DATE RECEIVED: _____

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: 04-3361

ASSIGNED INSTITUTION APPEAL NUMBER: _____

DECISION RENDERED:    ___ APPROVED
                      ✓ DENIED

SUMMARY OF FINDINGS: Information recieved from NCI is credible. NCI has
no record of resident having the property claimed on the
day of transport to MTC.

SUPERINTENDENT'S
SIGNATURE: _____    DATE: 5/17/04

**SECTION C**    INMATE APPEAL RECEIPT

INMATE NAME: William Stevens D-1  INSTITUTION: MTC

NUMBER: M-85829    DATE RECEIVED: _____

RECEIPTING STAFF: Missy Miranda    TITLE: AAI

01/05/01                              491 - 14

Attachment to Grievance Appeal of William Stevens

The information provided by N.C.C.I. Gardner, which resulted in the denial of this grievance, is not supported by the easily verifiable facts.

1.  "grievant on the day of his release, brought no property from his housing unit, to the property Dept. as required."

    a. I was not informed of my being transferred from N.C.C.I. Gardner to MTC until approximately 1800hrs on Friday January 30, 2004.  At this time the property department had been closed for 3+ hours, so I would not have been allowed to go to the property room.  I was in fact given two (2) small trash bags by cellhouse officer Bruce Amadon and told to pack a "ditty bag" to take with me of about 1cu.ft.  I felt at the time that clothing would be the most immediately important, so that is what I packed.

2.  "According to officers David LaBrack and Kerry Tardiff, grievant could not account for his property or it's whereabouts and had suggested that it was either lost or stolen."

    a.  I was due to be released from D.O.C custody Saturday January 31, 2004, which did not happen.  Therefore I would have had no reason to have had the alleged conversation with the afore mentioned officers.  I further have no knowledge of ever having had any conversations or other interaction with these officers.

3. "Grievant had the responsibility to pack his own property and forward it to the property department, which he failed to do."

    a.  Had I been released during normal business hours, I would have been responsible for packing my own property and bringing it to the property department.  However, I was not released until after 1900hrs, having spent the previous hour± in the booking holding cell, after being rushed out of the cellhouse following my notification of impendent transfer to MTC.

    I was assured by officer Amadon that my property would be transfered to the property room the following morning so it could be shipped to MTC.

    These facts are easily verifiable from the following sources.

1.  The time date stamp on the order for detention received by the transportation department the night of 1/30/04.

2.  All applicable institutional census/incident logs from N.C.C.I. Gardner for the night of 1/30/04.

3. The log from MTC showing the time I was booked into the facility.

EXHIBIT 19

Page 6

PAGE 2
May 12, 2004
Attachment to Grievance Appeal of William Stevens

    4.  The daily log for "B" - cellhouse, second floor, N.C.C.I.
Gardner.  This was my housing location prior to being transfered
to MTC.

Pursuant to G.L.c.66,section 10, The Freedon of Information
Act, I am requesting copies of each document or record which
contains any information indicating when the D.O.C. was notified
of the order for detention from the Barnstable Superior Court
on Friday January 30, 2004, when N.C.C.I. Gardner was notified
of my being transfered to the MTC, when transportation was notified
and actually sent a car to Gardner to transport me, when the
car actually arrived at Gardner and when I arrived at the MTC.

Should you see fit to grant my grievance, I will waive the
foregoing Freedom of Information request.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

EXHIBIT 20

Page 1

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | **Grievance#** 5544 | **Institution** MASS. TREATMENT CENTER | |
| **Commit No.** | M85829 | **Housing** D1 | **Date Of Incident** 20040903 | **Date Of Grievance** 20040903 |

**Complaint**
On Sept. 3, 2004, I attempted to enter the I.D.R. for the evening meal using the same method that I had used the previous 650 plus/minus times I have eaten there. At the entrance I was confronted by Lt. Benjamin who in a verbally aggressive manner informed me, (and many others residents), that he had changed the method of access to the IDR. The "new" chow hall rules were such that they would cause the most tension among and conflict between residents. Rather than face the high level of tension and potential conflicts with other residents, I chose not to eat in the IDR for that meal. As there were many other residents returning to their living units after this confrontation, I was apparently not the only one to feel that their safety would be in jeopardy if they ate in the IDR that night.

**Remedy Requested**
As Lt. Benjamin has on many occasions in the past acted in an aggressive and confrontational manner when dealing with residents, I request that his duties be changed to eliminate his access to inmates/residents. Barring that resolution ensure that he is no longer put into a position to exercise control over access to the IDR.

**Staff Recipient** Edington Glenn E CO II

**Staff Involved**

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20040909    **Decision Date** 20040919

**Signature** Edington Glenn E CO II

**Final Decision** DENIED

**Decision**
The Officer In Charge of the meal period , determines and directs the manner of the feeding line and is responsible for the security  in maintaining the orderly and proper manner to which the line enters and seats itself within the Chow Hall . IDR staff is not precluded  from the authority in directing the line population to an available or alternate area, when deemed necessary .  Additionally, there is no authorized reserved seating for any member of the population.  Your remedy requested is denied.

**Signature** _[signature]_    **Date** 9-19-04

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Institution** MASS. TREATMENT CENTER | |
| **Commit No.** | M85829 | **Grievance#** 5544 | **Date Received** 20040909 | |

**Signature.** Edington Glenn E CO II

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

EXHIBIT 21

Page 1

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | |
|---|---|---|---|
| **Name** | STEVENS WILLIAM G | **Grievance#** 6078 | **Institution** MASS. TREATMENT CENTER |
| **Commit No.** | M85829 | **Housing** D1 | **Date Of Incident** 20040930  **Date Of Grievance** 20040930 |

**Complaint**  Failure to process grievances timely. On Sept. 7, 2004 , I put grievances number 5544, 5548, and 5562 in the institutional mail. I got back receipts on each of these dated Sept. 9, 2004. It has been seventeen working days since the receipt of these grievances and I have received no response.  103 CMR 491.01 (1) provides in the relevent portions that: (A) acknowledge receipt of the grievance form through a written notification to the inmate;  (E) investigate the factual basis of the grievance and propose a resolution or deny the grievance, within ten working days from receipt of grievance.

**Remedy Requested**  I request that my grievances be processed in accordance with the time requirements set out in the CMR.

**Staff Recipient**  Edington Glenn E  CO II

**Staff Involved**

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20041010    **Decision Date** 20041010

**Signature**  Edington Glenn E  CO II

**Final Decision** APPROVED

**Decision**  Due to staffing irregularities and Institutional security needs, the Institution Grievance Coordinator was unavailable to provide finding(s), within the prescribed time frame. This matter to date, has been addressed and corrected. This Institution will adhere to the 103 CMR 491 procedures and does not anticipate further discrepancies.

**Signature**  _Sgt. Glen Edington_    **Date**  10-10-04

**Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.**

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Institution** MASS. TREATMENT CENTER |
| **Commit No.** | M85829 | **Grievance#** 6078 | **Date Received** 20041010 |

**Signature.**  Edington Glenn E  CO II