UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM STEVENS,

      Plaintiff,

v.                                                                Civil Action No. 04-11938 JLT

ROBERT HOWLAND, et al.,

      Defendants.

**ANSWER AND JURY DEMAND OF DEFENDANTS TO THE COMPLAINT**

Defendants Robert Howland, Robert Murphy, Joseph Murphy and Kathleen M. Dennehy (hereafter, "Defendants"), by their undersigned counsel, hereby answer the allegations of the Complaint as follows:

INTRODUCTORY STATEMENT

1.    Defendants admit that Plaintiff is under lawful temporary civil commitment to the Massachusetts Treatment Center for Sexually Dangerous Persons (hereinafter "MTC"). Defendants deny the remaining allegations of this paragraph.

JURISDICTION

2.    This paragraph states conclusions of law to which no answer is required.

PARTIES

3.    Defendants admit the allegations of this paragraph.

4.    Defendants admit the allegations of this paragraph.

5.    Defendants admit the allegations of this paragraph.

6.    Defendants admit the allegations of this paragraph.

7.    Defendants admit the allegations of this paragraph.

8. Pursuant to the Memorandum issued by the Court on October 12, 2004, the Massachusetts Department of Correction has been dismissed from the Complaint, thus, no response to this paragraph is required.

9. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

10. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

11. Defendants admit that Stevens was transferred to the Treatment Center as a temporary civil commitment on January 30, 2004 pursuant to M.G.L. c.123A, §12(e) and remains at the Treatment Center pending the disposition of the Sexually Dangerous Person petition filed by the Barnstable District Attorney, pursuant to M.G.L. c.123A, §14(e).

## FACTUAL ALLEGATIONS

12. Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

13. Defendants lack sufficient information to form a belief as to the remaining allegations of this paragraph.

14. Defendants admit the allegations of this paragraph.

15. Defendants lack sufficient information to form a belief as to the remaining allegations of this paragraph.

16. Defendants admit that Wiccan is a religion recognized by the Department of Correction ("DOC"), but deny the allegations of this paragraph regarding the frequency and length of time the Wiccan meetings that take place at the Treatment Center.

17. Defendants admit the first and second sentences of this paragraph. No response is required regarding the third sentence of this paragraph, however, the Religious Services Handbook is a resource guide for DOC staff and is not a regulation.

18. Defendants lack sufficient information to form a belief as to the remaining allegations of this paragraph.

19. Defendants admit that the language quoted in this paragraph is found in the staff resource guide known as the Religious Services Handbook.

20. Defendants deny the allegations of this paragraph.

21. Defendants deny the allegations of this paragraph.

22. Defendants admit that a copy of the March 22, 2004 letter addressed to the Acting Director of Treatment is attached to the Complaint as Exhibit 3. The letter speaks for itself and no response is required.

23. Defendants admit that the civil commitment Wiccan group meets in a room on the "B" corridor, but deny the allegations concerning the dimensions of the room. Defendants lack sufficient information to form a belief as to the allegations of the second sentence of this paragraph.

24. Defendants deny the allegations of this paragraph.

25. Defendants admit that plaintiff filed a grievance attached to the Complaint as Exhibit 4. The grievance speaks for itself and no response is required.

26. Defendants admit that a copy of an April 9, 2004 letter is attached to the Complaint as Exhibit 5. The letter speaks for itself and no response is required.

27. Defendants admit that a meeting took place on or about April 12, 2004, but deny that Plaintiff was accosted by Defendant Howland.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph except to admit that Plaintiff was advised to make his requests for religious property items on the Religious Request forms.

30. Defendants deny the allegations of this paragraph. Defendants further state that allegations of this paragraph erroneously state that Exhibit 6 contains a copy of a written request for juice and cake for April 30, 2004. Exhibit 6 is a written request for juice and cake for July 30, 2004, <u>not</u> for April 30, 2004.

31. Defendants admit that plaintiff's grievance was denied in part. Defendants deny the allegations of the second sentence.

32. Defendants admit that Plaintiff filed an appeal of the denial of his grievance, but deny the remaining allegations of this paragraph.

33. Defendants admit that a copy of the April 23, 2004 letter addressed to the Acting Director of Treatment is attached to the Complaint as Exhibit 8. The letter speaks for itself and no response is required.

34. The Defendants admit that plaintiff filed a grievance. The grievance speaks for itself and no further response is required.

35. The Defendants admit that plaintiff filed a grievance. The grievance speaks for itself and no further response is required.

36. The Defendants admit that plaintiff received a response approving several of the requests made in his grievance. The response to the grievance speaks for itself and no further response is required.

37. The Defendants admit that plaintiff received a response approving several of the requests made in his grievance. The response to the grievance speaks for itself and no further response is required.

5

38. The Defendants admit that a letter written by an individual named Thomas Burke is attached as Exhibit 10 to the Complaint. The letter speaks for itself and no further response is required.

39. The Defendants lack sufficient information to form a belief as to the allegations of this paragraph inasmuch as the phrase "mainstream religious groups" is vague and Defendants request that Plaintiff further define the specific religious groups this phrase is meant to include.

40. The Defendants deny the allegations of this paragraph, except to state that the chaplains for these religions do share office space.

41. The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

42. The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

43. The Defendants admit that plaintiff received a response to his grievance appeal. The response to the grievance appeal speaks for itself and no further response is required.

44. The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

45. The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

46. The Defendants admit that a letter by Plaintiff dated June 21, 2004 is attached to the Complaint as Exhibit 12. The letter speaks for itself and no further response is required.

47. The Defendants admit that a letter by plaintiff dated June 21, 2004 is attached to the Complaint as Exhibit 12. The letter speaks for itself and no further response is required.

48.     The Defendants admit that a letter by plaintiff dated June 21, 2004 is attached to the Complaint as Exhibit 12.  The letter speaks for itself and no further response is required.

49.     The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

50.     The Defendants admit that a letter by plaintiff dated July 1, 2004 is attached to the Complaint as Exhibit 13.  The letter speaks for itself and no further response is required.

51.     The Defendants admit that a letter by plaintiff dated July 1, 2004 is attached to the Complaint as Exhibit 13.  The letter speaks for itself and no further response is required.

52.     The Defendants lack sufficient information to form a belief as to the allegations of this paragraph.

53.     The Defendants admit that the DOC employs Protestant, Catholic and Muslim chaplains to work at the Treatment Center.  The remaining allegations of this paragraph are denied.

54.     The Defendants lack sufficient information to form a belief as to the allegations of the first sentence of this paragraph.  The Defendants deny the allegations of the second sentence.

## CLASS ACTION

55.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

56.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

57.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

58.     This paragraph contains conclusions of law and does not require a response.  To the extent this paragraph contains allegations which require a response, the allegations are denied.

59. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

60. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

## COUNT I (Civil Rights Violation)

61. The Defendants restate their responses to paragraphs 1 through 60 and incorporates those responses herein.

62. The Defendants deny the allegations of this paragraph.

63. The Defendants deny the allegations of this paragraph.

64. The Defendants deny the allegations of this paragraph.

## COUNT II (Violation of Religious Rights)

65. The Defendants restates their responses to paragraphs 1 through 64 and incorporates those responses herein.

66. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

67. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

68. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

69. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

70. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

### COUNT III (Violations of DOC Regulations)

71.     The Defendants restate their responses to paragraphs 1 through 70 and incorporates those responses herein.

72.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

73.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

### COUNT IV (M.G.L. c. 127, § 88

74.     The Defendants restate their responses to paragraphs 1 through 73 and incorporates those responses herein.

75.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

### COUNT V (Grievances)

76.     The Defendants restate their responses to paragraphs 1 through 75 and incorporates those responses herein.

77.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

78.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

79.     This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

### COUNT VI

80. The Defendants restate their responses to paragraphs 1 through 79 and incorporates those responses herein.

81. This paragraph contains conclusions of law and does not require a response. To the extent this paragraph contains allegations which require a response, the allegations are denied.

## CLAIM FOR RELIEF

Defendants oppose the relief sought by Plaintiff.

## AFFIRMATIVE DEFENSES

Pursuant to Mass. R. Civ. P. 8, Defendants assert the following affirmative defenses:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

If Plaintiff suffered any injury or other damage, these were caused by Plaintiff's conduct and acts or the conduct or acts of third parties for which the defendants are not legally responsible.

### THIRD DEFENSE

Defendants deny that Plaintiff is entitled to judgment or relief requested.

### FOURTH DEFENSE

Plaintiff's allegations fail to rise to the level of constitutional violations.

### FIFTH DEFENSE

Defendants acted at all times relevant to the allegations contained in the amended complaint within the scope of their employment and in their official capacities and performed in good faith.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

### SEVENTH DEFENSE

Plaintiff, by his conduct and actions and/or the conduct and actions of his servants and agents, is estopped to recover any judgment against the Defendants.

### EIGHTH DEFENSE

Plaintiff, by his conduct and actions and/or the conduct and actions of his servants and agents, has waived any and all rights he may have had against the Defendants, and therefore, is barred from recovery against the Defendants.

### NINTH DEFENSE

The Defendants are absolutely and qualifiedly immune from liability for any and all matters raised in Plaintiff's Complaint under Federal and State law.

### TENTH DEFENSE

Plaintiff's recovery for pain and suffering, embarrassment and other items of general damages, if any, is limited pursuant to G L. c. 231, § 60H.

### ELEVENTH DEFENSE

Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, is barred where the Act violates the United States Constitution.

### TWELTH AFFIRMATIVE DEFENSE

The Defendants have not violated any clearly established right of the Plaintiff and, consequently, are immune from liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants are entitled to sovereign immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby assert all other affirmative defenses as may become available to him during the course of this litigation and reserves the right to further amend this Answer to assert any affirmative defenses that may become known to them.

WHEREFORE, the Defendants request that (1) the Court enter judgment enter in their favor and against the Plaintiff on all Counts of the Complaint; (2) award the Defendants costs and attorneys' fees; and (3) award the Defendants any other relief this Court deems just and proper.

### JURY DEMAND

The Defendants demand a trial by jury on all issues so triable.

KATHLEEN M. DENNEHY, ROBERT MURPHY, JOSEPH MURPHY, AND ROBERT HOWLAND

Respectfully Submitted,
By Their Attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: December 8, 2004     By:     /s/ Richard C. McFarland
Richard C. McFarland, BBO # 542278
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110
(617) 727-3300, Ext. 132
rcmcfarland@doc.state.ma.us

### CERTIFICATE OF SERVICE

I, Richard C. McFarland, counsel for the defendants, hereby certify that on this day I did serve a copy of the above document by first class mail, upon plaintiff William Stevens, *pro se*, at his address: Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324.

/s/ Richard C. McFarland
Richard C. McFarland

Dated: December 8, 2004