UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-11938-JLT

WILLIAM STEVENS,

    Plaintiff,

vs.

ROBERT HOWLAND, et al.,

    Defendants.

PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY
MEMORANDUM TO THE DEFENDANTS' MEMORANDUM IN
OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND

The plaintiff has an absolute to right amend his complaint once at any time before the defendants have filed a responsive pleading. James V. Hurson Associates, Inc. v. Glickman, 229 F.3d 277, 282-283 (D.C. Cir. 2000). This is how the federal courts have consistently interpreted Fed.R.Civ.P. 15(a), which provides that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...."

The plaintiff motion to amend and amended complaint were filed in this matter on or about December 2, 2004, before the any responsive pleading was filed by the defendants. So the short answer to the defendants' opposition is that the opposition is futile, because the Rule 15(a) clearly entitles to plaintiff to make this amendment to the complaint irrespective of the content of the amendment. Assuming that the court agrees that this is a correct statement of the law, then the motion to amend should be allowed, and there is no need to for the plaintiff

to provide the court with an additional memorandum of law, and this motion should treated as moot.

If the court decides to consider the defendants' opposition to the motion to amend, then the plaintiff requests to be given 30 days to respond to the memorandum of law which the defendants have filed in opposition to the motion to amend. This is because what the defendants have filed is in actuality a Rule 12(b)(6) motion to dismiss for failure to state a claim, in the guise of an opposition to the motion to amend. The main ground for the opposition is that the defendants claim that the amendment would be "futile." See pages 3-20 of the defendants memorandum. As the defendants correctly state: "'Futility' means that the complaint, as amended, would fail to state a claim;" and therefore the court must apply the same standard for legal sufficiency as it appplies to a Rule 12(b)(6) motion to dismiss. <u>Glassman</u> v. Computrervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Ofcourse, under Rule 12(b)(6) the plaintiff would have an absolute right to respond to the defendants' legal arguments which go to the heart of the plaintiff's claims. See Local Rule 7.1(B)(2).

Because of the limited time available to the plaintiff in the law library and the plaintiff's limited legal skills the plaintiff ask that he be granted 30 days from the allowance of this motion to submit his response to the defendants' opposition.

Respectfully submitted,

William Stevens, Plaintiff

William Stevens, Pro Se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

(3)

## VERIFICATION

    I, William G. Stevens, state under the pains and penalties of purjury that all of the factual allegations contained in the foregoing motion are true.

December     , 2004

*William G. Stevens* (signature)

William G. Stevens

## CERTIFICATE of SERVICE

    I, William G. Stevens, state under the pains and penalties of purjury that I have served a copy of the foregoing Motion for Leave to File a Reply Memorandum to the Defendants' Memorandum in Opposition to the Plaintiff's Motion to Amend by first class mail postage prepaid on Richard C. McFarland, Esq., at the Legal Division of the Mass Department of Corrections at 70 Franklin Street, Suite 600, Boston, MA 02110.

December     , 2004

*William G. Stevens* (signature)

William G. Stevens