UNITED STATES DISTRICT COURT
for the
DISTRICT of MASSACHUSETTS

William G. Stevens,

        Plaintiff,               Civil Action Docket
                              No. 04-CV-11938 JLT

v.

Robert Howland,
Joseph Murphy,
Robert Murphy,
Kathleen Dennehy,
The Massachusetts Department of Corrections,
        Defendants.

PLAINTIFF'S FIRST SET of INTERROGATORIES
PROPOUNDED ON Robert Howland      and
REQUEST for PRODUCTION of DOCUMENTS

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the plaintiff submits the following interrogatories and requests for documents. You are directed to answer each of the interrogatories in writing undre oath, and provide each of the requested documents for inspection and copying, within thirty (30) days of service, and 45 days as appropriate.

DEFINITIONS and INSTRUCTIONS

The following definitions and instructions are applicable to each interrogatorie and request for production of documents unless otherwise explicitly stated.

A.   The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these  interrogatories and requests for production of documents any information that might otherwise be outside their scope.

B.   The terms "all" and "any" means each and every.

(2)

C.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these interrogatories and requests for documents any information that might otherwise be construed to be outside their scope.

D.    The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these interrogatories and requests for production of documents any information that might otherwise be construed to be outside their scope.

E.    Answers to these interrogatories are to be supplimented to the full extent required by Rule 26, Fed.R. Civ.P., and each interrogatory shall be construed to include any information, knowledge or document responsive to these interrogatories that is subsequently obtained by you.

F.    The term "document" shall be construed to include both written and electronically transfered formats.

G.    When an interrogatory asks for specific information and such information is unknown to you, it will not be adequate to state that such specific information is unknown to you if you are capable of approximating the information requested, and the interrogatory shall thereupon be deemed to request such approximate information.

H.    If you withhold any information or document for any reason, set forth the nature of the objection and describe the grounds for withholding with sufficient detail to enable the court to determine the propriety thereof.

(3)

## INTERROGATORIES

1.   Please state your full name, the address of the place of your employment, the position(s) or job title(s) which you have held with your current employer.

2.   Please state all of the education which you have received, listing the names of all colleges, post graduate educational institutions or other educational institutions or programs, specifying the dates which you attended each such institution, the subjects in which you majored, the degrees which you received and any courses or honors which you received.

3.   Please list all of the persons, organizations, corporations, governments or other entities for which you have been employed, including the full name and address of each employer, the dates of employment, the position(s) you held with each employer and a brief description of your job duties in each position with each employer.

4.   Please list any training received in constitutional law, constitutional rights or the constitutional rights of prisoners.

5.   Please describe the process by which the Massachusetts Treatment Center has been authorized to place into effect policies which supercede the policies and regulations set forth in the Code of Massachusetts Regulations.

6.   Please provide any policies, any directives or any instructions to staff concerning Wicca or the practice of the Wiccan religion.

(4)

7.  Please indicate what information you have received from any person or entity within the Massachusetts Department of Corrections regarding Wicca or the practice of the Wiccan religion, including, but not limited to, the celebration of Sabbats and Esbats and the sacred tools used in Wiccan ceremony. Please specify the full name, job title or position of each person or entity that has provided you with such information, whether the information was provided to you in writing, verbally or electronically.

8.  Please explain the specific use of the Inmate Religious Services Request Form, known as attachment A, and the specific use of the Religious Services Request Form, known as attachment B.

## REQUEST for PRODUCTION of DOCUMENTS

9.  Please provide any documentation responsive to ¶ 7 of this document.

10.  Please provide any documentation responsive to ¶ 8 of this document.

11.  Please provide the entire contents of the file(s) kept by you regarding the Wiccan group or Wicca in general.

12.  Please provide the attendance rosters for the Wiccan group from December 2003 to present.

William G. Stevens,
Plaintiff

William G. Stevens, Pro Se
Mass Treatment Center
30 Administration Road
Bridgewater, MA 02324

UNITED STATES DISTRICT COURT
for the
DISTRICT of MASSACHUSETTS

William G. Stevens,

        Plaintiff,

v.

Robert Howland,
Joseph Murphy,
Robert Murphy,
Kathleen Dennehy,
The Massachusetts Department of Corrections,
        Defendants.

Civil Action Docket
No. 04-CV-11938 JLT

PLAINTIFF'S FIRST SET of INTERROGATORIES
PROPOUNDED ON Joseph Murphy    and
REQUEST for PRODUCTION of DOCUMENTS

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the plaintiff submits the following interrogatories and requests for documents. You are directed to answer each of the interrogatories in writing undre oath, and provide each of the requested documents for inspection and copying, within thirty (30) days of service: and 45 days as appropriate.

DEFINITIONS and INSTRUCTIONS

The following definitions and instructions are applicable to each interrogatorie and request for production of documents unless otherwise explicitly stated.

A.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these  interrogatories and requests for production of documents any information that might otherwise be outside their scope.

B.    The terms "all" and "any" means each and every.

(2)

C.   The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these interrogatories and requests for documents any information that might otherwise be construed to be outside their scope.

D.   The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these interrogatories and requests for production of documents any information that might otherwise be construed to be outside their scope.

E.   Answers to these interrogatories are to be supplimented to the full extent required by Rule 26, Fed.R. Civ.P., and each interrogatory shall be construed to include any information, knowledge or document responsive to these interrogatories that is subsequently obtained by you.

F.   The term "document" shall be construed to include both written and electronically transfered formats.

G.   When an interrogatory asks for specific information and such information is unknown to you, it will not be adequate to state that such specific information is unknown to you if you are capable of approximating the information requested, and the interrogatory shall thereupon be deemed to request such approximate information.

H.   If you withhold any information or document for any reason, set forth the nature of the objection and describe the grounds for withholding with sufficient detail to enable the court to determine the propriety thereof.

(3)

INTERROGATORIES

1.  Please state your full name, the address of the place of your employment, the position(s) or job title(s) which you have held with your current employer.

2.  Please state all of the education which you have received, listing the names of all colleges, post graduate educational institutions or other educational institutions or programs, specifying the dates which you attended each such institution, the subjects in which you majored, the degrees which you received and any courses or honors which you received.

3.  Please list all of the persons, organizations, corporations, governments or other entities for which you have been employed, including the full name and address of each employer, the dates of employment, the position(s) you held with each employer and a brief description of your job duties in each position with each employer.

4.  Please list any training received in constitutional law, constitutional rights or the constitutional rights of prisoners.

5.  Please describe the process by which the Massachusetts Treatment Center has been authorized to place into effect policies which supercede the policies and regulations set forth in the Code of Massachusetts Regulations.

6.  Please provide any policies, any directives or any instructions to staff concerning Wicca or the practice of the Wiccan religion.

(4)

7.   Please indicate what information you have received from any person or entity within the Massachusetts Department of Corrections regarding Wicca or the practice of the Wiccan religion, including, but not limited to, the celebration of Sabbats and Esbats and the sacred tools used in Wiccan ceremony. Please specify the full name, job title or position of each person or entity that has provided you with such information, whether the information was provided to you in writing, verbally or electronically.

## REQUEST for PRODUCTION of DOCUMENTS

8.   Please provide any documentation responsive to ¶ 7 of this document.

9.   Please provide the entire contents of the file(s) kept by you regarding the Wiccan group or Wicca in general.

10.   Please provide any documentation including, but not limited to, telephone logs that indicate what action(s) have been taken by the defendants to become compliant with 103 CMR 471.09 (2), regarding providing an accredited representitive of the Wiccan faith to provide formal and informal religious services to Wiccans.

William G. Stevens,
Plaintiff

William G. Stevens, Pro Se
Mass Treatment Center
30 Administration Rd
Bridgewater, MA 02324

UNITED STATES DISTRICT COURT
for the
DISTRICT of MASSACHUSETTS

William G. Stevens,

        Plaintiff,               Civil Action Docket
                                 No. 04-CV-11938 JLT

v.

Robert Howland,
Joseph Murphy,
Robert Murphy,
Kathleen Dennehy,
The Massachusetts Department of Corrections,
        Defendants.

PLAINTIFF'S FIRST SET of INTERROGATORIES
PROPOUNDED ON Robert Murphy     and
REQUEST for PRODUCTION of DOCUMENTS

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the plaintiff submits the following interrogatories and requests for documents. You are directed to answer each of the interrogatories in writing undre oath, and provide each of the requested documents for inspection and copying, within thirty (30) days of service, and 45 days as appropriate.

DEFINITIONS and INSTRUCTIONS

The following definitions and instructions are applicable to each interrogatorie and request for production of documents unless otherwise explicitly stated.

A.   The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories and requests for production of documents any information that might otherwise be outside their scope.

B.   The terms "all" and "any" means each and every.

(2)

C.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these interrogatories and requests for documents any information that might otherwise be construed to be outside their scope.

D.    The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these interrogatories and requests for production of documents any information that might otherwise be construed to be outside their scope.

E.    Answers to these interrogatories are to be supplimented to the full extent required by Rule 26, Fed.R. Civ.P., and each interrogatory shall be construed to include any information, knowledge or document responsive to these interrogatories that is subsequently obtained by you.

F.    The term "document" shall be construed to include both written and electronically transfered formats.

G.    When an interrogatory asks for specific information and such information is unknown to you, it will not be adequate to state that such specific information is unknown to you if you are capable of approximating the information requested, and the interrogatory shall thereupon be deemed to request such approximate information.

H.    If you withhold any information or document for any reason, set forth the nature of the objection and describe the grounds for withholding with sufficient detail to enable the court to determine the propriety thereof.

(3)

## INTERROGATORIES

1.  Please state your full name, the address of the place of your employment, the position(s) or job title(s) which you have held with your current employer.

2.  Please state all of the education which you have received, listing the names of all colleges, post graduate educational institutions or other educational institutions or programs, specifying the dates which you attended each such institution, the subjects in which you majored, the degrees which you received and any courses or honors which you received.

3.  Please list all of the persons, organizations, corporations, governments or other entities for which you have been employed, including the full name and address of each employer, the dates of employment, the position(s) you held with each employer and a brief description of your job duties in each position with each employer.

4.  Please list any training received in constitutional law, constitutional rights or the constitutional rights of prisoners.

5.  Please describe the process by which the Massachusetts Treatment Center has been authorized to place into effect policies which supercede the policies and regulations set forth in the Code of Massachusetts Regulations.

6.  Please provide any policies, any directives or any instructions to staff concerning Wicca or the practice of the Wiccan religion.

(4)

7.   Please indicate what information you have received from any person or entity within  the Massachusetts Department of Corrections regarding Wicca or the practice of the Wiccan religion, including, but not limited to , the celebration of Sabbats and Esbats and the sacred tools used in Wiccan ceremony. Please specify the full name, job title or position of each person or entity that has provided you with such information, whether the information was provided to you in writing, verbally or electronically.

8.   Please list all groups and activities that use space at the M.T.C. on a monthly basis from December 2003 to present. For each such group or activity please specify any room or space it uses and each day of the week or month it uses each room, the times of day of each such use and the number of people who regularly participate in each such activity.

9.   Please list each room in the M.T.C. that is not primarily used for sleeping purposes, including, but not limited to, those in the "North" and "South" corridor and educational areas and for each such room specify each day in the month each hour in the day that the room is in use and the name of the group or activity using the room.

10.   For each room that is vacant during hours that other such rooms at the M.T.C. are in use by other inmate groups or activities please explain why that room could not be used by a group of Wiccans for study, worship, religious discussions or counciling purposes.

11.   Please provide the dimensions of the two (2) rooms known respectively as the "B" Corridor Therapy Room, and the

(5)

"C" Corridor Therapy Room.

12.   Please provide a complete list of the job duties of the Chaplains of the Catholic, Protestant and Muslim religious faiths, including salary information with regard to these positions.

## REQUEST for PRODUCTION of DOCUMENTS

13.   Please provide the entire contents of the file(s) kept by you regarding the Wiccan group or Wicca in general.

14.   Please provide an inventory or list of any office equipment/machines available to the Chaplains of the Catholic, Protestant and Muslim religious faiths at the M.T.C.

15.   Please provide any documentation by which the M.T.C. has been authorized to place into effect policies which supercede the Code of Massachusetts Regulations

16.   Please provide any documentation responsive to ¶ 7 of this document.

17.   Please provide any logs, lists or other documentation reflecting grievances filed at the M.T.C. regarding Wiccan issues.

18.   Please provide the parts of the institutional logs, written and electronic, which reflect the movement times between the hours of 1800 hours and 2130 hours for Wednesdays and Fridays from December 2003 to present.

19.   Please provide the posted schedule for the "B" corridor therapy room.

William G. Stevens,
Plaintiff

William G. Stevens, Pro Se
Mass Treatment Center
30 Administration Rd
Bridgewater, MA 02324

UNITED STATES DISTRICT COURT
for the
DISTRICT of MASSACHUSETTS

William G. Stevens,

          Plaintiff,                 Civil Action Docket
                                   No. 04-CV-11938 JLT

v.

Robert Howland,
Joseph Murphy,
Robert Murphy,
Kathleen Dennehy,
The Massachusetts Department of Corrections,
          Defendants.

PLAINTIFF'S FIRST SET of INTERROGATORIES
PROPOUNDED ON Kathleen Dennehy    and
REQUEST for PRODUCTION of DOCUMENTS

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the plaintiff submits the following interrogatories and requests for documents. You are directed to answer each of the interrogatories in writing undre oath, and provide each of the requested documents for inspection and copying, within thirty (30) days of service., and 45 days as appropriate.

DEFINITIONS and INSTRUCTIONS

The following definitions and instructions are applicable to each interrogatorie and request for production of documents unless otherwise explicitly stated.

A.   The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these  interrogatories and requests for production of documents any information that might otherwise be outside their scope.

B.   The terms "all" and "any" means each and every.

(2)

C.  The present tense shall be construed to include the
past tense and the past tense shall be construed to include
the present tense as necessary to bring within the scope of
these interrogatories and requests for documents any information
that might otherwise be construed to be outside their scope.

D.  The singular shall be construed to include the plural
and the plural shall be construed to include the singular as
necessary to bring within the scope of these interrogatories
and requests for production of documents any information that
might otherwise be construed to be outside their scope.

E.  Answers to these interrogatories are to be supplimented
to the full extent required by Rule 26, Fed.R. Civ.P., and
each interrogatory shall be construed to include any information,
knowledge or document responsive to these interrogatories that
is subsequently obtained by you.

F.  The term "document" shall be construed to include
both written and electronically transfered formats.

G.  When an interrogatory asks for specific information
and such information is unknown to you, it will not be adequate
to state that such specific information is unknown to you if
you are capable of approximating the information requested,
and the interrogatory shall thereupon be deemed to request
such approximate information.

H.  If you withhold any information or document for any
reason, set forth the nature of the objection and describe
the grounds for withholding with sufficient detail to enable
the court to determine the propriety thereof.

( 3 )

INTERROGATORIES

1.  Please state your full name, the address of the place of your employment, the position(s) or job title(s) which you have held with your current employer.

2.  Please state all of the education which you have received, listing the names of all colleges, post graduate educational institutions or other educational institutions or programs, specifying the dates which you attended each such institution, the subjects in which you majored, the degrees which you received and any courses or honors which you received.

3.  Please list all of the persons, organizations, corporations, governments or other entities for which you have been employed, including the full name and address of each employer, the dates of employment, the position(s) you held with each employer and a brief description of your job duties in each position with each employer.

4.  Please list any training received in constitutional law, constitutional rights or the constitutional rights of prisoners.

5.  Please describe the process by which the Massachusetts Treatment Center has been authorized to place into effect policies which supercede the policies and regulations set forth in the Code of Massachusetts Regulations.

6.  Please provide any policies, any directives or any instructions to staff concerning Wicca or the practice of the Wiccan religion.

(4)

7.  Please indicate what information you have received from any person or entity within the Massachusetts Department of Corrections regarding Wicca or the practice of the Wiccan religion, including, but not limited to, the celebration of Sabbats and Esbats and the sacred tools used in Wiccan ceremony. Please specify the full name, job title or position of each person or entity that has provided you with such information, whether the information was provided to you in writing, verbally or electronically

8.  Please describe the process by which the Massachusetts Department of Corrections decided that cake and juice were the appropriate or normally accepted foods that should be provided to Wiccans for consumption during Wiccan Sabbat worship.

9.  Please state the names, titles and duties of all Mass Department of Corrections employees, other than the defendants, whose job duties affect the Wiccan religious groups within the Massachusetts Department of Corrections.

### REQUEST for PRODUCTION of DOCUMENTS

10.  Please provide any documentation responsive to ¶ 7 of this document

11.  Please provide the Inmate Benefit Review Report, both monthly and annually for the current and previous two (2) fiscal years, detailing commissions, collection and expenditures as provided for in 103 CMR 476.05.  For each expenditure please state in detail what was purchased with the expenditure and the purpose for which this purchase was used.

(5)

12.   Please provide the Department of Corrections Program Account, both monthly and annually for the current and previous two (2) fiscal years, detailing collection and expenditures as provided for in 103 CMR 476.09. For each expenditure please state in detail what was purchased with the expenditure and the purpose for which the purchase was used.

13.   Please provide documentation of any federal funding received by the Massachusetts Treatment Center, directly or indirectly, for any purposes for the current and previous two (2) years, including the details of the expenditure of such funds.

14.   Please provide documentation of any federal funding received by the Massachusetts Department of Corrections, directly or indirectly, for any purposes for the current and previous two (2) fiscal years, including details of the expenditure of such funds.

15.   Please provide documentation of any federal funding received by the Massachusetts Department of Safety, directly or indirectly, for any purpose for the current and previous two (2) fiscal years, including details of the expenditure of such funds.

16.   Please provide the entire contents of the file(s) kept by you regarding the Wiccan group or Wicca in general.

William G. Stevens,
Plaintiff

William G. Stevens, Pro Se
Mass Treatment Center
30 Administration Road
Bridgewater, MA 02324

CERTIFICATE of SERVICE

    I, William G. Stevens, state under pains and penalties of purjury that I caused a copy of the foregoing to be served on Richard C. McFarland, Esq., counsel for the defendants, by mailing one copy, postage prepaid, to the Legal Division of the Mass. Department of Corrections at 70 Franklin St, Suite 600, Boston, MA 02110.

December 𝒟 , 2004

William G. Stevens

July 5, 2005
December 30, 2004

William G. Stevens
Mass. Treatment Center
30 Administration Rd
Bridgewater, MA 02324

Richard C. McFarland, Esq.
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110

RE:   Stevens v. Howland, et al.
      Civil Action No. 04-cv-11938 JLT

Dear Attorney McFarland:

    Pursuant to Rules 33 and 34 Fed.R.Civ.P., please find
enclosed the interrogatories served upon you in the above
entitled matter.

    I eagerly await your reply.

Respectfully,

William G. Stevens


cc:   file

February 16, 2005

William G. Stevens
Mass Treatment Center
30 Administration Rd
Bridgewater, MA 02324

Richard C. McFarland, Esq.
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110

RE:   Stevens v. Howland, et al.
      Civil Action No. 04-cv-11938 JLT

Dear Attorney McFarland:

    On December 31, 2004 pursuant to Rules 33 and 34 Fed.R.Civ.P
I caused a copy of the interrogatories and requests for production
of documents in the above entitled matter to be served upon
you by mailing one copy postage prepaid to the address listed
above.  To date I have received no response.

    Please consider this my "good faith" attempt to confer with
you in an attempt to resolve this issue.  If my discovery request
has not been complied with within twenty (20) days, by March 10,
2005, I shall be forced to move, pursuant to Rules 34(b) and
37(a), Fed.R.Civ.P., for an order compelling you to comply with
these requests.

    Thank you.
Respectfully,


William G. Stevens

cc: file


## CERTIFICATE OF SERVICE

    I, William G. Stevens, state under pains and penalties of
purjury that I caused a copy of the foregoing to be served on
Richard C. McFarland, Esq., counsel for the defendants, by mailing
one copy, postage prepaid, to the Legal Division of the Mass.
Department of Corrections at 70 Franklin St., Suite 600, Boston,
Ma 02110.


February   , 2005


William G. Stevens



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*Legal Division*

*70 Franklin Street, Suite 600*

*Boston, MA 02110-1800*

*(617) 727-3300 Ext. 124*

*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
Commissioner

James R. Bender
Deputy Commissioner

Nancy Ankers White
*General Counsel*

March 1, 2005

*why dont I have a scheduling order*

William Stevens
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

    Re:   Stevens v. Howland, et al.
           U.S.D.C. No. 04-11938-JLT

Dear Mr. Stevens:

    I am in receipt of your recent correspondence regarding the discovery requests you have propounded upon the defendants in the above-cited civil action. Please be advised that your discovery requests are premature where the Court has not yet issued a decision on your Motion to Amend the Complaint. As you know, the defendants have filed an opposition to your motion. In addition, the Court has yet to issue a scheduling order regarding discovery in this case. See United States District Court Local Rule 16.1(F). Accordingly, the defendants will respond to your discovery requests in a timely manner once the Court issues a scheduling order regarding discovery.

                    Sincerely,

                    Richard C. McFarland

RCM/am

PRINTED ON RECYCLED PAPER

July 5, 2005
~~December 30, 2004~~

William G. Stevens
Mass. Treatment Center
30 Administration Rd
Bridgewater, MA 02324

Richard C. McFarland, Esq.
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110

RE:  Stevens v. Howland, et al.
     Civil Action No. 04-cv-11938 JLT

Dear Attorney McFarland:

        Pursuant to Rules 33 and 34 Fed.R.Civ.P., please find
enclosed the interrogatories served upon you in the above
entitled matter.

        I eagerly await your reply.

Respectfully,

William G. Stevens

cc:  file

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 6/29/2005 at 2:22 PM EDT and filed on 6/28/2005
Case Name:      Stevens v. Howland et al
Case Number:    1:04-cv-11938
Filer:
Document Number:

Docket Text:
Judge Joseph L. Tauro : Electronic ORDER entered denying [12] Motion to Amend, denying [16] Motion for Leave to File (Abaid, Kim)

The following document(s) are associated with this transaction:

1:04-cv-11938 Notice will be electronically mailed to:

Richard C. McFarland     rcmcfarland@doc.state.ma.us

1:04-cv-11938 Notice will not be electronically mailed to:

William G. Stevens
Mass Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

July 11, 2005

William G. Stevens
Nemasket Correctional Center
30 Administration Rd
Bridgewater, MA 02324

Richard C. McFarland, Esq.
Legal Division
D.O.C.
70 Franklin St., Suite 600
Boston, MA 02110

RE:  Stevens v. Howland, et al.
     Civil Action No. 04-cv-11938 JLT

Dear Attorney McFarland:

     I am in receipt of your recent correspondence regarding
my requests for discovery.  Please be advised that the court
has ruled on both the Plaintiff's Motion to Amend and the
Plaintiff's Motion For Leave to File.  Judge Tauro denied both
motions on June 28, 2005.  I have attached a copy of the Notice
of Electric Filing in support of this.

     Please consider t his my "good faith" attempt to confer with
you in an attempt to resolve this issue.  If my discovery request
has not been complied with within twenty (20) days, by August
1, 2005, I shall be forced to move, pursuant to Rules 34(b) and
37(a), Fed.R.Civ.P., for an order compelling you to comply with
these requests.

                          Respectfully,

                          William G. Stevens

cc:  file

                 CERTIFICATE OF SERVICE
     I, William G. Stevens, state under pains and penalties of
purjury that I caused a copy of the foregoing to be served on
Richard C. McFarland, Esq., counsel for the defendants, by
inter-institutional mail:  Richard C. McFarland, Esq., Legal
Division, D.O.C., 70 Franklin St., Suite 600, Boston, MA 02110.

July 11 , 2005                    William G. Stevens



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110-1300*
*(617) 727-3300 Ext. 124*
*www.mass.gov/doc*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James R. Bender**
*Deputy Commissioner*

**Nancy Ankers White**
*General Counsel*

July 8, 2005

William Stevens
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

      Re:    <u>Stevens v. Howland, et al.</u>
            U.S.D.C. No. 04-11938-JLT

Dear Mr. Stevens:

      With regard to the discovery requests you forwarded to defendants in the above-cited civil action on July 8, 2005, please be advised that your discovery requests are premature where the Court has not yet issued a decision on your Motion to Amend the Complaint. As you know, the defendants have filed an opposition to your motion. In addition, the Court has yet to issue a scheduling order regarding discovery in this case. <u>See</u> United States District Court Local Rule 16.1(F). Accordingly, the defendants will respond to your discovery requests in a timely manner once the Court issues a scheduling order regarding discovery.

                            Sincerely,

                            Richard C. McFarland

RCM/am

PRINTED ON RECYCLED PAPER

July 29, 2005

William Stevens
Nemansket Correctional Center
30 Administration Rd
Bridgewater, MA 02324

Richard C. McFarland, Esq.
Legal Division
Department of Correction
70 Franklin St., Suite 600
Boston, MA 02110

RE:   Stevens v. Howland, et al.
      Civil Action No. 04-cv-11938 JLT

Dear Attorney McFarland:

    I have twice served you with the following discovery requests:

    A) Interrogatories Propounded on:
            1.   Robert Howland;
            2.   Joseph Murphy;
            3.   Robert Murphy; and
            4.   Kathleen Dennehy

    B)  Requests for Production of Documents propounded on:
            1.   Robert Howland;
            2.   Joseph Murphy;
            3.   Robert Murphy; and
            4.   Kathleen Dennehy.
These discovery requests were served on December 31, 2004 and
again on July 5, 2005.

    It has been 210 days since the first discovery requests
were served, and on July 8, 2005 I received your letter denying
my request for discovery at that time.

    As provided by United States District Court Local Rule
37.1 will you please confer with me in good faith to narrow
the areas of disagreement to the greatest possible extent.
    If you do not respond to this request within 7 days for
a discovery conference I will be forced to file a motion to
compel including a request for sanctions.

                            Sincerely,

                            William Stevens

cc:   file



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110-1300*
*(617) 727-3300 Ext. 124*
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James R. Bender
*Deputy Commissioner*

Nancy Ankers White
*General Counsel*

August 11, 2005

William Stevens
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA 02324

     Re:    Stevens v. Howland, et al.
            U.S.D.C. No. 04-11938-JLT

Dear Mr. Stevens:

       With regard to your letter of August 3, 2005 regarding the discovery requests you forwarded to defendants in the above-cited civil action on July 8, 2005, please be advised that your discovery requests are premature where the Court has not yet issued a decision on your Motion to Amend the Complaint. As you know, the defendants have filed an opposition to your motion. In addition, the Court has yet to issue a scheduling order regarding discovery in this case. See United States District Court Local Rule 16.1(F). Accordingly, the defendants will respond to your discovery requests in a timely manner once the Court issues a scheduling order regarding discovery.

                         Sincerely,

                         Richard C. McFarland

RCM/am

Printed on Recycled Paper