UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

William G. Stevens,
    Plaintiff,

v.                                    CIVIL ACTION NO.
                                      04-cv- 11938 JLT

Robert Howland, et al.,
    Defendants.

PLAINTIFF'S MOTION TO COMPEL THE
MASSACHUSETTS DEPARTMENT OF CORRECTION TO PROVIDE
PHOTO COPIES OF LEGAL DOCUMENTS AND LEGAL PUBLICATIONS

    The Pro Se plaintiff, William G. Stevens, comes now before this Court for an order compelling the Massachusetts Department of Correction , through their agent(s), the Nemansket Correctional Center (Mass Treatment Center) Inmate Law Library, to provide the plaintiff with photo copies of documents, including but not limited to those of an evidentiary nature as well as copies of relevant portions of law books and other legal publications as may be needed for the plaintiff to adequately prepare his legal arguments for the Courts.

    As grounds for this motion the plaintiff states as follows:

    1.   The plaintiff is a civil detainee awaiting the outcome of the Civil Commitment process under M.G.L. c. 123A, and is currently being held at the Nemansket Correctional Center.

    2.   The plaintiff currently has four (4) legal actions ongoing in this and other Courts.

    3.   The Massachusetts Department of Correction, the Superintendent of the Nemansket Correctional Center, and his staff are the respondents in one or more of these open cases, including the instant action.

4. The Department of Correction has allowed the Nemansket Correctional Center staff to create and enforce regulations that are in direct opposition to the policies promulgated in the Code of Massachusetts Regulations which dictate Law Library regulations.

5. The regulations in place at the Nemansket Correctional Center seriously hamper the plaintiff's ability to access the courts in an adequate, effective and meaningful manner.

6. The plaintiff's Law Library access has been seriously curtailed by the defendants, with, frequently, as little as 20 - 30 minutes of law library access being granted per day.

7. The defendants have enacted a policy whereby the plaintiff is unable to obtain copies of relevant portions of law books and other legal publications to facilitate legal research outside of the library.

8. The defendants have enacted a policy that limits the number of inmates that may access the Library and Law Library to twenty-five (25) inmates at any given time on a first come first served basis, which frequently causes the plaintiff to be unable to access the Law Library during the limited time it is open.

9. The plaintiff has been denied photo copies of legal documents of an evidentiary nature, and has often had those same pieces of evidence confiscated by one of the defendants and forwarded to another of the defendants for review.

10. This action has seriously effected the plaintiffs ability to present his claims to the Courts in an adequate, effective and meaningful manner.

- 3 -

11. The plaintiff has exhausted all administrative remedies available to him in an attempt to resolve this issue without burdening the Courts.

**WHEREFORE,** the plaintiff respectfully requests that this Court:

1. Enjoin the defendants preliminarily and perminantly from failing to immediately:

   a) allow the plaintiff access to the Law Library during all scheduled times;

   b) provide the plaintiff photo copies of relevant legal documents and portions of law books and other legal publications; and

   c) discontinue the policy or practice of confiscating and/or reading the plaintiff's legal materials.

William G. Stevens, Plaintiff

_____
William G. Stevens, Pro Se
Nemansket Correctional Center
30 Administration Road
Bridgewater, MA 02324


VERIFICATION

I, William G. Stevens, state under the pains and penalties of purjury that all of the factual allegations in the foregoing Motion are true.

September 7, 2005

_____
William G. Stevens

CERTIFICATE OF SERVICE

I, William Stevens, state under the pains and penalties of purjury that I have served a copy of the foregoing motion to compel the Massachusetts Department of Correction to provide photo copies of legal documents and publications, by intra-institutional mail on Richard C. McFarland, Esq., DOC Legal Division 70 Franklin St., Suite 600, Boston, MA 02110.

September 7, 2005

William G. Stevens