UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM STEVENS,

      **Plaintiff,**

      v.                         Civil Action No. 04-11938 JLT

ROBERT HOWLAND, et al.,

      **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPARTMENT OF CORRECTION TO PROVIDE PHOTOCOPIES OF LEGAL DOCUMENTS AND LEGAL PUBLICATIONS**

Defendants, through counsel, hereby submit this memorandum of law in support of their opposition to plaintiff's Motion to Compel the Massachusetts Department of Correction to Provide Photocopies of Legal Documents and Legal Publications.

**INTRODUCTION**

Plaintiff, William Stevens, an individual under involuntary civil commitment to the Massachusetts Treatment Center pursuant to M.G.L. c. 123A, has brought a complaint seeking declaratory and injunctive relief and damages with regard to alleged violations of his free exercise of religion under state and federal law.

In the instant motion, plaintiff seeks a court order requiring the Treatment Center to: 1) allow him access to the law library during all scheduled times; 2) provide him with photocopies of "relevant legal documents and portions of law books and other legal publications;" and 3) "discontinue the policy or practice of confiscating and/or reading the plaintiff's legal materials." Plaintiff's motion should be denied where the affidavit of the Treatment Center librarian, Natalya Pushkina, shows that plaintiff has sufficient access to the law library and photocopies, and the clearly established case law

2

permits prison officials to place reasonable restrictions on access to a law library and legal materials.[1]

**ARGUMENT**

**I.   RESTRICTIONS ON PLAINTIFF'S ACCESS TO A LAW LIBRARY AND PHOTOCOPIES DO NOT VIOLATE HIS RIGHT TO ACCESS TO COURT.**

It is now well established that an inmate must make a prima facie showing of some injury or prejudice to his access to court in order to succeed with a claim of denial of access to court. Lewis v. Casey, 518 U.S. 343 (1996); Sowell v. Vose, 941 F.2d 32, 34-35 (1st Cir. 1991) (except for situations which constitute "an absolute denial of access to legal materials or law library or legal assistance, an inmate must show an actual injury as a prerequisite to recover."). In Lewis v. Casey, supra, the Supreme Court took the opportunity to clarify the scope of a prisoner's right to access to the courts, holding that: 1) to succeed on an access to court claim a prisoner must demonstrate an actual injury resulting from deficiencies in the prison's law library or legal assistance program; 2) meaningful access to court is limited to the initial pleading stage; and 3) a prisoner's right to access to the courts is restricted to actions challenging criminal convictions or the conditions of their confinement. Lewis v. Casey, 518 U.S. at 349-56. Moreover, federal courts have long held that a prison may place conditions on an inmate's right to meaningful access to the courts. See Cepulonis v. Fair, 732 F.2d 1, 4 (1st Cir. 1984); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369-70 (7th Cir. 1983) ("The right of access to the courts has never been held to be absolute or unconditional, especially in the context of prisoner litigation."); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986); Roman v. Jeffes, 904 F.2d 192, 198 (3rd Cir. 1990); Caldwell v. Miller, 790 F.2d 217 (7th Cir. 1986). In Procunier v. Martinez, 416 U.S. 396 (1974), the Supreme Court, in upholding a prison regulation restricting an inmate's access to counsel, stated:

---
[1] The Affidavit of Natalya Pushkina is attached hereto as Exhibit A.

3

>The extent to which that right is burdened by a particular regulation or practice must be weighed against the legitimate interest of penal administration and the proper regard that judges should give to the expertise and discretionary authority of correctional officials.

Procunier v. Martinez, 416 U.S. at 420. In Cepulonis v. Fair, 732 F.2d at 4, the First Circuit held that inmates have "no absolute right to library access as such, since disciplinary and security considerations may weigh against... [their] use of library facilities or contact with fellow inmates." And in Sowell v. Vose, 941 F.2d at 34-35, the First Circuit held that restrictions placed on an inmate's access to his legal materials did not violate his right to access to court. In Sowell, id., prison officials confiscated an inmate's legal materials on the grounds that it exceeded cell property limits and stored the legal materials in the prison property room. The inmate alleged that he experienced delays in accessing his stored legal materials and that some of his materials were lost, resulting in the dismissal of one of his cases. The Sowell Court upheld the restrictions placed on the inmate's access to his legal materials, stating:

>...it would be unrealistic to expect prison authorities to give all prisoners unfettered access to all of their legal materials at all times. It is a fact of life that prisoners live in prison cells. Their warders therefore may have good reason, based on considerations of safety and security, to limit the amount of legal materials that prisoners may keep with them; if they implement those regulations fairly, the prisoners subject to the regulations will still be able to participate meaningfully in the legal process.

Sowell v. Vose, 941 F.2d at 35.

In the instant case, plaintiff has alleged in conclusory fashion that he is improperly limited in his access to the law library and photocopies of legal materials. However, as the affidavit of the Treatment Center librarian states, plaintiff visited the law library on twenty-two occasions in July and August, 2005 and was provided with 673 photocopies of legal materials in response to fifteen requests he made for photocopies. Plaintiff's motion does not indicate why he requires access to the

4

law library beyond the time periods presently available to him. Nor does he indicate that he is routinely denied access to the law library during regularly scheduled times. Moreover, plaintiff has failed to demonstrate that he has suffered or will suffer an actual injury to his right to access to court in the instant action based on the Treatment Center policies. Plaintiff has not alleged that he has missed any court imposed deadlines or has been unable to prepare any pleadings in the instant action due to the law library schedule or photocopy policy. Since plaintiff does not have a right to unconditional access to a law library and legal materials and he has failed to show an actual or potential injury to his access to court in the instant action, plaintiff's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, defendants request that the plaintiff's motion be denied.

Dated: September 16, 2005                                Respectfully submitted,

                                                         NANCY ANKERS WHITE
                                                         Special Assistant Attorney General


                                                         /s/ Richard C. McFarland_____
                                                         Richard C. McFarland  (BBO# 542278)
                                                         Legal Division
                                                         Department of Correction
                                                         70 Franklin Street, Suite 600
                                                         Boston, MA  02110-1300
                                                         (617) 727-3300, Ext. 132
                                                         rcmcfarland@doc.state.ma.us