UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| WILLIAM G. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 04-11938-JLT |
| | ) | |
| ROBERT HOWLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST SCHEDULING ORDER
PURSUANT TO FED. R. CIV. P. 16(b)**

September 20, 2005

DEIN, U.S.M.J.

After a review of the file, the court issues the within First Scheduling Order

pursuant to Federal Rule of Civil Procedure 16(b):

1.    All written discovery (interrogatories, requests for production, requests for

admissions) pursuant to Federal Rules of Civil Procedure 33, 34 and 36 shall be served

on or before the close of business on October 20, 2005.  All previously served discovery

shall be deemed to have been served as of the date of this Order.

2.    All other discovery shall be filed and/or served on or before the close of

business on December 23, 2005, and completed on or before the close of business on

February 3, 2006.

3.    The defendant is granted leave to file a motion for summary judgment on or

before the close of business on March 3, 2006.  The motion shall be accompanied by a

memorandum in support together with any materials in support provided the materials comply with the requirements of Federal Rule of Civil Procedure 56(e). The plaintiff is granted leave to file an opposition to the defendant's motion for summary judgment on or before the close of business on March 31, 2006. The opposition shall be accompanied by memorandum in opposition together with any materials in opposition provided the materials comply with the requirements of Federal Rule of Civil Procedure 56(e). Neither the defendant's memorandum in support nor the plaintiff's memorandum in opposition shall exceed twenty (20) pages in length. <u>See</u> Local Rule 7.1(a)(4). The defendant is granted leave to file a reply memorandum (not to exceed seven (7) pages) on or before the close of business on April 14, 2006. Any memorandum in support of a motion for summary judgment shall point out the undisputed facts upon which the motion is based with specific reference to affidavits, depositions or other documentation. Any memorandum in opposition to a motion for summary judgment shall contain a listing of material facts asserted to be in dispute similarly referenced. <u>See</u> Local Rule 56.1.


/s/ Judith Gail Dein
_____
Judith Gail Dein
United States Magistrate Judge


2