UNITED STATES DISTRICT COURT
                            FOR THE
                    DISTRICT OF MASSACHUSETTS

WILLIAM G. STEVENS,
          PLAINTIFF,

v.                                              CIVIL ACTION NO.
                                                04-cv-11938 JLT

ROBERT HOWLAND, et al.,
          DEFENDANTS.

         AFFIDAVIT OF WILLIAM G. STEVENS IN REPLY TO
              THE AFFIDAVIT OF NATALYA PUSHKINA

    As grounds for this affidavit, the plaintiff alleges that some of the matters contained within the Affidavit of Natalya Pushkina, signed under the pains and penalties of purjury 16 September, 2005, are inaccurate. The misstatements and the correct facts are set out as follows:

   ¶ 3   Pushkina states, "The hours of access to the law library individuals under a civil commitment to the Treatment Center, such as Stevens, are as follows:

              Monday      1:00p.m. -  4:00p.m.
              Tuesday     8:30a.m. - 10:50a.m.
              Wednesday   1:00p.m. -  4:00p.m. & 7:00p.m. - 8:1 p.m.
              Thursday    8:30a.m. - 10:50p.m.
              Friday      1:00p.m. -  4:00p.m.

Attachment A to this brief shows that Pushkina's schedual, above, would allow Stevens 55 hours and 45 minutes of access to the law library from August 19, 2005 through September 13, 2005, when in reality Stevens was allowed 18 hours and 35 minutes of access to the general library and only 13 hours and 15 minutes of access to the libraries legal materials. Attachment 2 of Pushkina's own affidavit confirms that access to the library is not as Pushkina alleges.

- 2 -

¶ 4 Pushkina states, "The capacity of the Treatment Center law library is limited to twenty-five residents due to fire and safety regulations."
Pushkina fails to present the facts that:
   a) The twenty-five person capacity claimed is for both the law and general libraries combined; and
   b) The twenty-five person capacity is further reduced to twenty (20) persons because five slots are reserved for inmate library workers.

The combined law and general libraries hold a maximum capacity of twenty persons in a facility with approximately 330 persons. This quota is filled on a first come first served basis. No priority access is given to residents doing legal work, and no relief is given to residents such as Stevens who must come some several hundred yards to get to the library as opposed to residents who are housed within 10 yards of the library. If attachment 2 of Pushkina's Affidavit is accurate and Stevens accessed the law library on 22 occasions that leaves 31 occasions that Stevens was unable to access the law library. On many of those occasions that was because Stevens was unable to be within the first twenty people in line.

¶ 5 Pushkina purports to quote 103 CMR 471.11(4), to identify materials which may be photocopied. Attachment B to this Affidavit shows that 103 CMR 471.11 covers "Community Participation in Inmate Religious Activities", and that 103 CMR 471.11(4) does not in fact exist. If the benifit of the doubt is given and it is assumed that Pushkina was refering to 103 CMR 478.11(4), then she has quoted disparate sections of the CMR, and taken those sections out of context

- 3 -

in a presumed effort to change the actual meaning.

    Pushkina states, "Persuant to the Library Services Regulations, Treatment Center residents are provided with photocopies of "original legal materials...within reasonable amounts at no charge." 103 CMR 471.11(4)"

When in actuality 103 CMR 478.11(4) provides in the relevant parts that:

    (4)  <u>Photocopies</u>

        (a)  Photocopying services shall be for the purpose of duplicating original legal documents. The Superintendent shall designate the staff members responsible for photocopying legal documents **and legal reference materials.**

        (b)  All photocopy requests shall be compiled within reasonable amounts at no charge.

                                                        Emphasis add.

**Attachment 1 of Pushkina's Affidavit has been attached as Exhibit A**

Clearly the intent of 103 CMR 478.11 (4)(a) was to provide inmates with copies of legal reference materials, and (b) within reasonable amounts.

    ¶ 5  Pushkina further states, "The guidelines require that residents present pleadings and exhibits together as a complete package to be photocopied when they are ready to be mailed out to the Court and opposing counsel."

There is nothing contained within 103 CMR 478.00 et seq. that in any way supports this assertion.

    ¶ 5  Pushkina states, "Also, because inmates frequently attempt to submit non-legal documents for photocopying hidden within legal materials, library staff are

- 4 -

>forced to make a cursory review of legal materials submitted by inmates in order to ensure that the materials to be copied are legal materials."

At no time has it been alleged, by Pushkina or any other employee of the Treatment Center that Stevens has engaged in this activity and Pushkina fails to present the fact that the "cursory review" of the legal materials submitted, by Stevens, on August 31, 2005, as job number 200, (see Attachment 3 of Pushkina's Affidavit) took three (3) days to complete and the portion of the materials denied were American Psychiatric Association Ethics Codes which are applicable as evidence to Stevens' M.G.L. c. 123A action. The Ethics Codes have been attached as Attachment C of this Affidavit.

> ¶ 6   Pushkina states, "The attached photocopy requests further indicate that of the 15 requests for 673 photocopies made by Stevens since July 19, 2005, only 15 pages were determined to fall outside the photocopy policy and not photocopied by the law library staff.'

Pushkina fails to present the fact that Stevens frequently was denied photocopies of legal reference materials prior to July 19, 2005, a fact supported by the grievances filed by Stevens. (Attachment D of this Affidavit)

Pushkina's Affidavit also fails to present the fact that the law library is frequently closed early or not opened at all, a fact supported by the grievances attached as Attachment E of this Affidavit.

Signed under the pains and penalties of perjury this 22nd day September, 2005

- 5 -

*[signature]*
William G. Stevens, Plaintiff

_____
William G. Stevens, Pro Se
Nemansket Correctional Center
30 Administration Road
Bridgewater, MA 02324

## VERIFICATION

I, William G. Stevens, state under the pains and penalties of perjury that all of the factual allegations in the foregoing Affidavit are true.

September 22, 2005

*[signature]*
_____
William G. Stevens

## CERTIFICATE OF SERVICE

I, William G. Stevens, hereby certify that I have this 22 day of September, 2005 served a copy of the foregoing:

    a)   Plaintiff's Motion to File a Reply Affidavit; and

    b)   Reply Affidavit.

upon Richard McFarland, Esq. at DOC Legal Division, 70 Franklin St., Suite 600, Boston, MA 02110 by intra-institutional mail.

*[signature]*
_____
William G. Stevens