# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Grievance#** 11216 | **Institution** MASS. TREATMENT CENTER | | | |
| **Commit No.** | M85829 | **Housing** D2 | | **Date Of Incident** 20050615 | | **Date Of Grievance** 20050615 | |

**Complaint**
On June 8, 2005 I received notice from court that they had not received a document mailed to them by me on April 22, 05. I went to the library the evening of 6-8 to get a copy of the document made and was told that there was no one to authorize the copy. I returned to the library on 6-9 in the morning and was again informed that no one was available to authorize copies. I continued to check back in the library on the afternoon of 6-10, the afternoon of 6-13- and was on each occassion, informed that no one was available to authorize copies. On June 14, 2005, everyone was denied access to the library. This has delayed my court case by over a week and frequently recurs due to a lack of authorized people to approve legal copies in the library.

**Remedy Requested**
Increase the number of people who are allowed to authorized the legal making of copies so these delays don't continue. Much legal work is time sensitive and an eight day delay in mailing out copies could be detrimental to someones legal case.

**Staff Recipient**  Edington Glenn E  CO II

**Staff Involved**

**Signature**

.....................................................................................

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050618   **Decision Date** 20050707

**Signature**  Edington Glenn E  CO II

**Final Decision** PARTIAL APPROVAL

**Decision**
Grievance is partially approved. This facility has coodinated the review of the library photocopying procedure. An appropriate staff person will be made available, in the absence of the Librarian

**Signature**                                  **Date**   7-7-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

.....................................................................................

## INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | | **Institution** MASS. TREATMENT CENTER | |
| **Commit No.** | M85829 | **Grievance#** 11216 | **Date Received** 20050618 | | |

**Signature.**  Edington Glenn E  CO II

FORM "B"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
#### INMATE GRIEVANCE APPEAL FORM

| INMATE'S NAME: | INMATE'S #: | | DATE: |
|---|---|---|---|
| William G. Stevens | M-85829 | | 7/9/05 |
| INSTITUTION: | | ASSIGNED GRIEVANCE #: | |
| Nemansket Correctional Center | | 11216 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in **Block A**, in a brief and understandable manner.
3. Provide your requested remedy in **Block B**.

**A.  Provide your appeal argument in a brief and understandable manner.** I take issue with several points in the decision to grievance No. 11216:
1) The grievance was mailed 6/15/05 and no action was taken for three weeks when the IGC issued himself a 10 day extention;
2) the assurance that "This facility has coordinated the review of the library photocopying procedure. An appropriate staff person will > made available..." has proven to be nothing more than words the I} has no power to implement.  There was again no photocopying able : be approved in the inmate library on 7/6 and 7/7.

**B.  Provide your requested remedy**
Instead of disseminating blatantly false "soundbites" that have the appearence of being preapproved by MTC Legal division, rectify the actual problem.

**Inmate's Signature**                                    Date: 7-9-05

**Staff Recipient** Jessica Outra                 Date: 7/11/05

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM



#### FORWARD TO SUPERINTENDENT

| Name | STEVENS WILLIAM G | | | Institution | MASS. TREATMENT CENT :F | | |
|------|------|------|------|------|------|------|------|
| Number | M85829 | Housing | D2 | Appeal Date | 09-JUL-2005 | Date Of Grievanc : | 15-JUN-2005 |
| | | | | Appeal Received Date | 11-JUL-2005 | | |

**Appeal** — The grievance was mailed 6/15/05 and no action was taken for three weeks when the IGC issued himself a 10 da : ension. The assurance that "this facility has coordinated the review of the library photocopying procedure. An appropriate staff p : son will be made available..." has proven to be nothing more than words the IGC has no power to implement. There was aga : : photocopying able to be approved in the inamte library on 7/6 and 7/7.

**Remedy Requested** — Instead of disseminating blatently false "soundbites" that have the appearance of being preapproved by MTC Leg :l :ision, rectify the actual problem.

**Staff Recipient** — Edington Glenn E  CO II

**Signature**

## DECISION BY SUPERINTENDENT

| Appeal Received Date | 11-JUL-2005 | Decision Date | 11-JUL-2005 | Decision | DENIED |
|------|------|------|------|------|------|

**Decision By** — Murphy Robert F  SUPERINTENDENT

**Reasons** — Appeal denied. IGC appropriately responded to the grievant. The complaint was properly addressed and action ta :e : An aternate to the Librarian will be identified during the Librarian's absence.

**Signature**                                    **Date**   7 - 11 - 05

## INMATE RECEIPT

| Inmate's Name | STEVENS WILLIAM G | | Institution | MASS. TREATMENT CEN T :? |
|------|------|------|------|------|

**Number** — M85829

**Appeal Received Date** — 11-JUL-2( 0

**Staff Recipient** — Edington Glenn E  CO II

**Superintendent's Signature**

FORM A

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE FORM

# 1∙30

| **INMATE'S NAME:**<br>William Stevens | **INMATE'S #:**<br>M-85829 | | **DATE:**<br>6/21'5 |
|---|---|---|---|
| **INSTITUTION:**<br>MTC | | **DATE OF INCIDENT:**<br>6/21/05 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of s ff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance e ct Emergency and one additional grievance type.

**_____ EMERGENCY**

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be used, necessary.** I have been once again denied access to the Law Library! On this occasion my denial of access was based on the fact that the State Prison Inmates(from the attached Modular building) were celebrating their program participation/graduation. Why or how this State inmate funct on should have affected Law Library access for civil detainees, I do ot begin to understand, though the actions of these prison inmates do frequently have adverse effects upon my law library access.

**C. List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

**D. Provide your Requested Remedy.** Assure that the library is open at all t es that it is scheduled to be open and that all copying and noterizing funct ons are available.

| **Inmate's Signature** | | **Date:** 6/21/05 |
|---|---|---|
| **Staff Recipient** | | **Date:** 6-29-05 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 1 ) BUSINESS DAYS.**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** STEVENS WILLIAM G   **Grievance#** 11500   **Institution** MASS. TREATMENT CENTER

**Commit No.** M85829   **Housing** D2   **Date Of Incident** 20050621   **Date Of Grievance** 20050621

**Complaint** I have been once again denied access to the law library! On this occassion my denial of access was based on the fact that the State Prison Inmates (from attached Modular building) were celebrating their program participation/graduation. Why or how this State inmate function should have affected Law Library access for civil detainees, I do not begin to understand, though the actions of these prison inmates do frequently have adverse effects upon my law library access.

**Remedy Requested** Assure that the library is open at all times that it is scheduled to be open and that all copying and noterizing functions are available.

**Staff Recipient** Edington Glenn E  CO II

**Staff Involved**

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050629   **Decision Date** 20050708

**Signature** Edington Glenn E  CO II

**Final Decision** DENIED

**Decision** Grievance is denied.  The State inmate funtion held that day, was an authorized institution event and required staff resources from various departmental areas. Access to library was not possible due to the needs of the institution. The institution will make all efforts to open the Library with as little interuption as possible.

**Signature** _(signature)_   **Date** 7-8-05

**Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.**

## INMATE RECEIPT

**Name** STEVENS WILLIAM G   **Institution** MASS. TREATMENT CENTER

**Commit No.** M85829   **Grievance#** 11500   **Date Received** 20050629

**Signature.** Edington Glenn E  CO II

FORM "B"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM

| INMATE'S NAME: | INMATE'S #: | | DATE: |
|---|---|---|---|
| William G. Stevens | M-85829 | | 7/10/05 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| Nemansket Correctional Center | 11500 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A. Provide your appeal argument in a brief and understandable manner.** Law library access i
a right that has been repeatedly enforced by the United States
Supreme Court. This right is being denied to me on a more and m
frequent basis. I currently have several civil cases open in
various courts that I am working Pro Se, and the continuous
closing of the library for no reason is unacceptable. The
excuse that the state prison inmates had a function that
required all the educational, avocational and library staff goes
against the holdings in King v. Greenblatt which provide that
civil committs and detainees shall take presidence over the stat
inmates whenever possible.

**B. Provide your requested remedy**
If the library is scheduled to be open ensure that it is open.

Inmate's Signature _____    Date: 7-0-05

Staff Recipient __Jessica Citta__    Date: 7-12-05

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
#### FORWARD TO SUPERINTENDENT



| Name | STEVENS WILLIAM G | | | | Institution | MASS. TREATMENT CEN E | | |
|------|-------------------|--|--|--|-------------|------------------------|--|--|
| **Number** | M85829 | **Housing** | D2 | | **Appeal Date** | 10-JUL-2005 | **Date Of Grievan e** | 21-JUN-2005 |
| | | | | | **Appeal Received Date** | 12-JUL-2005 | | |

**Appeal**  Law Library access is a a right that has been repeatedly enforced by the United States Supreme Court. This righ i: being denied to me on a more and more frequent basis. I currently have several civil cases open in various courts that I am work 1 Pro Se, and the continuous closing of the Library for no reason is unacceptable. The excuse that the state prison inmates has a fu on that required all the educational, vocational and library staff goes against the holdings in King vs. Greenblatt which pr v ed that civil committs and detainees shall take presidence over the state inmates whenever possible.

**Remedy Requested**  If the Library is scheduled to be open ensure that it is open.

**Staff Recipient**  Edington Glenn E  CO II

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date**  12-JUL-2005    **Decision Date**  13-JUL-2005    **Decision**  DENIED

**Decision By**  Murphy Robert F  SUPERINTENDENT

**Reasons**  Appeal denied. Circumstances developed that required the closing of the Library during the period identified in th g evance.

**Signature**    **Date**  7-13-7 J

## INMATE RECEIPT

**Inmate's Name**  STEVENS WILLIAM G    **Institution**  MASS. TREATMENT CE 1 R

**Number**  M85829    **Appeal Received Date**  12-JUL-2 IC

**Staff Recipient**  Edington Glenn E  CO II

**Superintendent's Signature**

FORM A

#11712

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| William G. Stevens | M-85829 | 6/24/ 5 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| Mass Treatment Center | 6/20-24/05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of s aff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance   ct Emergency and one additional grievance type.

XX **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be use   if necessary. On Monday June 20, 2005 I attempted to access the inmate Law Library, but was unable to do so due to the large amount of people   o showed up that day. Tuesday June 21 through Friday June 24, 2005 t e inmate Law Library has been closed. I currently have 5 open cases   various courts in Mass, all of which operate under schedules that   ose time limits on actions. In a current case I was given 20 days in w ch to research my position and respond, the clock started June 17th so alf of my allotted time will have expired by the next time library SHOU ) BE available. This continuous closing of the Law Library is serious effecting my ability to adequately represent myself in court therel denying me access to the courts in any meaningful manner. On Satu ay June 18, 2005 I was forced to mail origional documents to the court nd beg their understanding that I was unable to obtain copies due to th lack of authorized copying staff at the MTC. I do not yet know if this action has had adverse effects on my case. Law Library access is a const tutional right that has been repeatedly upheld from the local to the Supreme Court. This recent action is totally unacceptable.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you ha  contacted.
Deputy Murphy was seen in the hall and claimed to not have known th : the entire second floor of the facility had been closed for several da s Deputy Evenivich(?) was his usual useless self at staff access and refused to comment on the situation, let alone attempt to rectify  t

**D.** Provide your Requested Remedy. 1) Get the Law Library open when it is su posed to be open. 2) Ensure that inmates who are really doing legal worl are able to access the Law Library. 3) Provide me with copies of Mass ules of Civil Procedure Rule 54(b), 55(b)1, and 55(b)2 so I can work on the motions ordered by the court in my cell in an attempt to recover th time I have been denied Law Library access. 4) Make sure I can get les copies

| | |
|---|---|
| Inmate's Signature | Date: 6/24/ 9 |
| Staff Recipient | Date: 7/8/0 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN   BUSINESS DAYS.**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** STEVENS WILLIAM G     **Grievance#** 11762    **Institution** MASS. TREATMENT CENTER.

**Commit No.** M85829    **Housing** D2     **Date Of Incident** 20050624    **Date Of Grievance** 20050624

**Complaint** On Monday 6-20-05 I attempted to access the inmate Law Library, but was unable to to do so due to the large amount of people who showed up that day. Tuesday 6-21 through Friday 6-24-05 the inmate Law Library has been closed. I currently have 5 open cases in various courts in Mass, all of which operate under schedules that impose time limits on actions. In a current case I was given 20 days in which to research my position and respond, the clock started June 17th so half my allotted time will have expired by the next time library should be available. This continuous closing of the Law Library is seriously effecting my ability to adequately represent myself in court thereby denying me access to the courts in any meaningful manner. On Saturday 6-18-05 I was forced to mail original documents to the court and beg their understanding that I was unable to obtain copies due to the lack of authorized copying staff at the MTC. I do not not yet yet know if this action has had adverse effects on my case. Law Library access is a constitutional right that has been repeatedly upheld from the local to the Supreme Court. This recent action is totally unacceptable.

**Remedy Requested** 1. Get the Law Library open when it is supposed to be opened
2. Ensure that inmates who are really doing legal work are able t oaccess the Law Library,
3 Provide me with copies of Mass Rules of Civic Procedure Rule 54(b), 55(b)1, and 55(b)2 so I can work on the motions ordered by the court in my cell in an attempt to recover the time I have been denied Law Library access.
4. Make sure I can get legal copies.

**Staff Recipient** Edington Glenn E   CO II

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050707    **Decision Date** 20050708

**Signature** Edington Glenn E   CO II

**Final Decision** PARTIAL APPROVAL

**Decision** Grievance is partially approved.
1. This institution will make every effort to open the library and program as scheduled. However there are occasions that the needs of the institution dictate staff resource availability.
2. The Library has limited seating capacity, is a on first come basis. Staff will continue to monitor the Library participant's activities.
3. Request for copies of Mass Rules of Civic Procedures is denied.
4. Access to Legal photo-copying will be available during normal operation of the facility's scheduled programs.

**Signature** _(signature)_    **Date** 7-8-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

# 11953

| INMATE'S NAME: William G. Stevens | INMATE'S #: M-85829 | DATE: 12/05 |
|---|---|---|

| INSTITUTION: Nemansket Correctional Center | DATE OF INCIDENT: July 12, 2005 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A.**
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in **Block D.**

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select **Emergency and one additional grievance type.**

_____**EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. **Additional paper may be used, if necessary.**

SEE ATTACHED 2 SHEETS

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

**D.** Provide your Requested Remedy.

SEE ATTACHED 2 SHEETS

Inmate's Signature _____ Date: 7-12-0

Staff Recipient _____ Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

ATTACHMEMT TO GRIEVANCE

# 11953

of

## WILLIAM STEVENS

On July 12, 2005 I accessed the Inmate Library at 0900hrs. After waiting an excessively long period of time I was finally allowed access to the law library stacks. Due to the long delay imposed on prisoners by Librarian Pushkina several prisoners needed access to the law books. I and two (2) other inmates, who actually do legal work, were at various places in the first aisle of law books. There was a minimum distance of about four (4) feet between myself and the closest inmate. At approximately 0915 hrs Mr. Manuel J. Botelho came up to the check out desk and said "Can't any of you read? Only one person in ther aisle at a time." I closed the books I was using to locate a case I needed to read and dropped them on the Inmate Law Librarian's desk as I proceeded back to my seat in the main part of the liberary. Shortly after I sat down Mr. Botelho hollered across the library "Hey, Stevens are you checking out those books?" To which I replied "No, I'm done with them." He then asked why I didn't put the books back on the shelf, to which I replied "you told me that there were to many people in the aisle so I left." The standard procedure followed when finnished with a book is to place it on the desk and the Law Librarian returns it to the shelves. Mr. Botelho then said, "Oh yea, two can play that game." and left the library untended while he went looking for the correctional officer to have me removed from the library. When Mr. Botelho returned with the officer he told the officer that he didn't need my attitude in the library. I left the library with the officer without further incident.

I question the professionalism of both library workers, Pushkina and Botelho. Both of these individuals feel that they can speak to prisoners in any manner the deem fit, impose rules or ignore them as they see fit and deny prisoners access to the law library an a whim. Superintendent Murphy has allowed his subordinates to implement rules that impose unnecessary restrictions on the prisoners at the Nemansket Correctional Center and do not further any compelling governmental interest but do effectively deny or delay meaningful access to the courts.

At various times the rules of only allowing one inmate in the aisles at a time and delaying access to the law library books, have been overlooked or ignored and it has not had dire consequences, or impaired the mission of the M.T.C. If there are various Residents/Inmates/Prisoners that need extra babysitti g because they are unable to control themselves, deny them access to the library, don't place unnecessary restrictions on those of us who do actual legal work and can control our behavior in the library.

REQUESTED REMEDY

1. Remove the unnecessary restrictions from the library, ie;
   one person in the law library book aisles, 15 - 20 minute delays from getting into the library until access is granted to the law library book aisles.

# 11953

ATTACHMENT TO GRIEVANCE

of

WILLIAM STEVENS

page 2

<u>REMEDY cont.</u>

2.  Have Botelho, Robert Murphy, and Pushkina instructed by
D.O.C. Legal as to the civil and constitutional rights to law
library access

3.  Suggest sensitivity training for Botelho and Pushkina

4.  Instruct Robert Murphy to control his officers and other
Nemansket Correctional Center employees and disallow the practic
of allowing any staff member to create and implement rules and
regulations on a whim.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name**  STEVENS WILLIAM G          **Grievance#** 11953    **Institution** MASS. TREATMENT CENTER

**Commit No.**  M85829    **Housing** D2          **Date Of Incident** 20050712    **Date Of Grievance** 2005712

**Complaint**

On July 12, 05 I accessed the Inmate Library at 0900 hrs. After waiting excessively long period of time I was finally allowed access to the law library stacks. Due to the long delay imposed on prisoners by Librarian Pushkina several prisoners needed access to law books. I and two other inmates who actually do legal work, were at various places in the first aisle of law books. there as a minimum distance of about four feet between myself and the closest inmate. At approximately 0915 hrs Mr. Manuel Botelho came up to the check out desk and said can't you read? Only one person in the aisle at a time. I closed the books I was using to locate a case I needed to read and dropped them on the inmate law librarian's desk as I proceeded back to my seat in the main part of the library. Shortly after I sat down Mr. Botelho hollered across the library Hey Steven's are you checking out those books? To which I replied no, I am done with them. He then asked why I didn't put the books back on the shelf.To which replied, you told me that there were to many people in the aisle so I left  The standard procedure followed when finnished with a book is to place it on the desk and the law librarian returns it to the shelves. Mr. Botelho then said oh ea, two can play that game and left the library unatended while he went looking for the correctional officer to have me removed from the library. When Mr. Botelho returned with the officer he told the officer that he didn't need my attitude in the library. I left the library with the officer without further incident. I question the professionalism of both library workers, Pushkina and Botelho  Both of these individuals feel they can speak to prisoners in any manner the seen fit, impose rules or ignore them as they see fit and deny prisoners access to the law library an a whim. Superintendent Murphy has allowed his subordinates to implement rules that impose unnecessary restrictions on the prisoners at the Nemansket Correctional Cent

**Remedy Requested**

1. Remove the unecessary restrictions from the library, ie: one person in the law library book aisles, 15-20 minute delays from getting into the library untl access is granted to the law library book aisles.
2. Have Botelho, Robert Murphy, and Pushkina instructed by D.O.C. Legal as to the civil and constitutional rights to law library access.
3. Suggest sensitivity training for Botelho and Pushkina
4. Instruct Robert Murphy to control his offficers and other Nemansket Correctional Center employees and disallow the practice of allowing any staff member to create and implement rules and regulations on a whim.

**Staff Recipient**  Edington Glenn E  CO II

**Staff Involved**

**Signature**

......................................................................................

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received**  20050716    **Decision Date**  20050720

**Signature**  Edington Glenn E  CO II

**Final Decision**  DENIED

**Decision**

Grievance is denied. Grieavnt is required to follow the rules of the library while participating in library service. Requested remedies is denied.

7-20-05

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | STEVENS WILLIAM G | Grievance# | 12408 | Institution | MASS. TREATMENT CENTER |
|------|------------------|------------|-------|-------------|------------------------|

| Commit No. | M85829 | Housing | D2 | Date Of Incident | 20050809 | Date Of Grievance | 20050809 |
|------------|--------|---------|-----|------------------|----------|-------------------|----------|

**Complaint**

Am I Now To BE Required To Choose Between Medical Care And Law Library Access?
On July 25, 2005 I delivered legal papers to the law library for copies, but it
was too late to have them done that day. On Tuesday July 26, I had a HSU
appointment. When I attempted to pick up my legal copies , with my cellhouse
officers approval, at the 1050 hrs movement the librarian began screaching
something incomprehensible at me and rushed off without giving me my copies. On
July 27, 2005, the library was closed for both the afternoon and evening sessions
that the civil inmates were scheduled for. On July 28, 2005, the law library was
again closed to the civil inmates. During all these closings there was always
staff on hand to insure that the state inmates had their recreation and law
library access. This is not the first time that the state inmates have been able
to access their activities and the civil inmates have been denied their
movements. In 1999 the DOC submitted a plan to Judge Mazzone that ensured that
the DOC would "provide priority to residents over inmates whenever possible...".
King v. Greenblatt, 53 F.Supp 2d 117 (1999). This does not appear to be the case
anymore. If there is a new DOC policy that supercedes the above policy please let
me know.
The continued suspension of library operations is becoming a real problem for
those of us that have one or more legal actions ongoing at this time. Since the
DOC or the MTC are respondents in the majority of these legal actions, it would
seem prudent to ensure law library access to avoid the appearance of denying
meaningful access to the courts.

**Remedy Requested**

1) Ensure that there is a provision for inmates to retrieve their legal copies
when the library is closed for any reason.
2) Ensure that the civil inmates receive law library access a minimum of 1 per
day, even if it means pulling an officer from a state program.
3) Comply with the DOC policy giving priority to residents over inmates within
this facility.

| Staff Recipient | Hannem Paul J   CPO I |
|-----------------|------------------------|

**Staff Involved**

**Signature**

................................................................................................................

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20050809 | Decision Date | 20050813 |
|---------------|----------|---------------|----------|

**Signature**   Edington Glenn E   CO II

**Final Decision**   DENIED

**Decision**

Grievance and remedies requested is denied. 1.) When the library is closed  there
is no library operations avaialable.
2.) Operation needs of the facility will determine if the movement schedule will
be implemented or revised for any particular day.
3.) Requested remedy is not applicable, opening of institution areas are
contingent upon the operational needs of the facility.

**Signature**                     **Date**   8 -13-05

FORM A

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#12400

| INMATE'S NAME: | INMATE'S #: | | DATE |
|---|---|---|---|
| William Stevens | M-85829 | | 7/28/ 5 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| Nemansket Correctional Center | 7/28/05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of st f
   members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance s l :t
Emergency and one additional grievance type.

**_____ EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used
necessary. Am I Now To Be Required To Choose Between Medical Care An
Law Library Access?
On July 25, 2005 I delivered legal papers to the law library for c pies,
but was too late to have them done that day. On Tuesday July 26, had
a HSU appointment. When I attempted to pick up my legal copies, v th
my cellhouse officers approval, at the 1050 hrs movement the libr ian
began screaching something incomprehensible at me and rushed off v th-
out giving me my copies. On July 27, 2005, the library was clos! for
both the afternoon and evening sessions that the civil inmates we:
scheduled for. On July 28, 2005 the law library was again closed the
civil inmates. During all these closings there was always staff ) hand
to insure that the state inmates had their recreation and law lib: cy
access. This is not the first time that the state inmates have > en
able to access their activities and the civil inmates have been d ied
their movements.
In 1999 the DOC submitted a plan to Judge Mazzone that ensured th the
                              SEE ATTACHED

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have
contacted.

**D.** Provide your Requested Remedy. 1) Ensure that there is a provision for nates
to retrieve their legal copies when the library is closed for any reason.
2) Ensure that the civil inmates receive law library access a minim of
1X per day, even if it means pulling an officer from a state progra .
3) Comply with the DOC policy giving priority to residents over inmates
within this facility

Inmate's Signature _____   Date: _____

Staff Recipient _____   Date: 8-16-0)

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 1)
BUSINESS DAYS**

ATTACHMENT to Grievance of William Stevens
July 28, 2005

DOC would " provide priority to residents over inmates whenever
possible...". <u>King v. Greenblatt</u>, 53 F.Supp 2d 117 (1999).
This does not appear to be the case anymore.  If there is a
new DOC policy that supercedes the above policy please let me
know.
The continued suspension of library operations is becoming a
real problem for those of us that have one or more legal actions
ongoing at this time.  Since the DOC or the MTC are respondents
in the majority of these legal actions, it would seem prudent
to ensure law library access to avoid the appearance of denying
meaningful access to the courts.

# COMMONWEALTH OF MASSACHUSETTS

12/2408

## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| Name | STEVENS WILLIAM G | | Institution | MASS. TREATMENT CEN `E` |
|---|---|---|---|---|

| Number | M85829 | Housing | D2 | Appeal Date | 14-AUG-2005 | Date Of Grievar :( | 09-AUG-2005 |
|---|---|---|---|---|---|---|---|

Appeal Received Date   17-AUG-200!

**Appeal**  The civil inmates are being denied the "priority over state inmates" with regard to movements. Second is the fac t` `t the suspension of library operations is denying me "meaningful access" to the courts by denying me legal research. T` ` is a constitutionally granted right that has been backed up in the courts on a regular basis. The operational needs of h` ` acility have no bearing on the time limits prescribed by the courts for the completion of various steps of the legal process. The r` `i` rity of the law library access is by civil inmates not state inmates, these civil inmates are literally fighting for their lives and the` `o` ditions those lives will be subjected to, which should rightfully take presidence over the reading of newspapers, a process that c` `ld easily be transferred to the gymnasium, which would open additional law library access to the civil inmates.

**Remedy Requested**  Move the newspapers to the gym so there is additional time/space to do legal work in the library. Make provision f` `legal copies to be picked up at the end of each day when it is not possible to access the law library. Give movement and acces` `p` `rity to residents over state inmates. Evaluate the possibility of using other open spaces in the MTC as satelite law libra` `ie

**Staff Recipient**  Hannem Paul J CPO I

**Signature**

## DECISION BY SUPERINTENDENT

| Appeal Received Date | 17-AUG-2005 | Decision Date | 23-AUG-2005 | Decision | DENIED |
|---|---|---|---|---|---|

**Decision By**  Murphy Robert F  SUPERINTENDENT

**Reasons**  Appeal denied. Request to relocate Library services to another area of the facility is not feasible. Priority for acce` `is` `facility programs and services is currently given to the civil population.

**Signature**    Date  8/23/05

## INMATE RECEIPT

| Inmate's Name | STEVENS WILLIAM G | | Institution | MASS. TREATMENT CE `I` `R |
|---|---|---|---|---|

| Number | M85829 | | Appeal Received Date | 17-AUG- `2C` `5 |
|---|---|---|---|---|

**Staff Recipient**  Hannem Paul J  CPO I

**Superintendent's Signature**

FORM "B"

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE APPEAL FORM

| INMATE'S NAME: | INMATE'S #: | | DATE: |
|---|---|---|---|
| William G. Stevens | M-85829 | | 8/14/05 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| MTC | 12408 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in **Block A**, in a brief and understandable manner.
3. Provide your requested remedy in **Block B**.

**A. Provide your appeal argument in a brief and understandable manner.** Once again the IGC is missed the point of the grievance! The civil inmates are being denied the "priority over state inmates" with regard to movement as was assured in <u>King v. Greenblatt</u>, 53 F.Supp 2d 117. Second the fact that the suspension of library operations is denying me "meaningful access" to the courts by denying me legal copies in a timely manner and the ability to do necessary legal research. This is a constitutionally granted right that has been backed up in the courts on a regular basis. The operational needs of the facility have no bearing on the time limits prescribed by the courts for the completion of various steps of the legal process. As I claim in the original grievance, the DOC and/or MTC are the respondents in the majority of the legal actions I have pending, so the denial of access to the law library and therefore denial of meaningful access to the courts becomes all the more grevious. The majority of the law library access is by civil inmates not state inmates, these civil inmates are literally fighting for their lives and the conditions those lives will be subjected to, which should rightfully take presidence over the reading of newspapers, a process that could easily be transfered to the gymnasium, which would open additional law library access to the civil inmates.

**B. Provide your requested remedy** 1) Move the newspapers to the gym so there is additional time/space to do legal work in the library.
2) Make provision for legal copies to be picked up at the end of each day when it is not possible to access the law library.
3) Give movement and access priority to residents over state inmates.
4) Evaluate the possibility of using other open spaces in the MTC as satelite law libraries.

**Inmate's Signature** _____ **Date:** 8-14/05

**Staff Recipient** Jessica Dutta **Date:** 8/17/05

(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | STEVENS WILLIAM G | | Grievance# 12455 | Institution MASS. TREATMENT CENTER |
|------|-------------------|--|------------------|-------------------------------------|

| Commit No. | M85829 | Housing D2 | Date Of Incident 20050806 | Date Of Grievance 20050806 |
|------------|--------|------------|---------------------------|----------------------------|

**Complaint**

Once again, despite the assurances of the grievance officer that it would not keep happening, I was denied access to the Law Library.  I am currently pursuing 4 different legal actions pro se, agains the combined legal resources of the DOC Legal Division and another law office, all of which have sizeable staffs computers and other amenities to make their jobs easier.  I on the other and have only the limited time I am scheduled for access to the Law Library i which to accomplish all my legal research.  The scheduled times are inadequate as it is without the further loss of time because the Law Library is closed.  This often repeated closure of the Law Library is denying me MEANINGFUL ACCESS to the courts, a situtation that is being exasperated by the inability to have case law copied for use in the cell.

**Remedy Requested**

Stop closing the Law Library during scheduled times
Provide additional times for legal work
Allow for the copying of case law from the books

**Staff Recipient**  Hartfield Doreen M  CLERK V

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050811  **Decision Date** 20050824

**Signature**  Edington Glenn E  CO II

**Final Decision**  DENIED

**Decision**

Grievance is denied. Opening of institution areas / programs is contingent on the institution's staffing needs. The operation needs of the facility will determine if the movement schedule will be implemented or revised for any particular day. Request for case law book photo copying and additional times for legal work is denied.

**Signature**  _(signature)_     **Date**  8-24-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| Name | STEVENS WILLIAM G | | | Institution MASS. TREATMENT CENTER |
|------|-------------------|--|--|-------------------------------------|

| Commit No. | M85829 | Grievance# 12455 | Date Received 20050811 |
|------------|--------|------------------|------------------------|

Staff. Hartfield Doreen M  CLERK V

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

# , 2455

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| William Stevens | M-85829 | 8/6/05 |

| INSTITUTION: | DATE OF INCIDENT |
|---|---|
| Nemansket Correctional Center | 8/5/05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

### _____ EMERGENCY

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.** Once again, despite the assurances of the grievance officer that it would not keep happening, I was denied access to the Law Library   I am currently persuing 4 different legal actions pro se, agains the combined legal resourses of the DOC Legal Division and another law office, all of which have sizeable staffs computers and other amenities to make their jobs easier. I on the other hand have only the limited time I am scheduled for access to the Law Library in which to accomplish all my legal research.  The scheduled times are inadequate as it is without the further loss of time because the Law Library is closed.  This often repeated closure of the Law Library is denying me MEANINGFUL ACCESS to the courts, a situation that is being exasperated by the inability to have case law copied for use in the cell.

**C. List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

**D. Provide your Requested Remedy.**

Stop closing the Law Library during scheduled times
Provide additional times for legal work
Allow for the copying of case law from the books

Inmate's Signature _____   Date: 8/6/05

Staff Recipient _Doreen Hatfield Clerk_ ✓   Date: 8-11-05

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
#### FORWARD TO SUPERINTENDENT

#1 455

| Name | STEVENS WILLIAM G | | Institution | MASS. TREATMENT CENT E |
|------|-------------------|--|-------------|------------------------|

| Number | M85829 | Housing | D2 | Appeal Date | 26-AUG-2005 | Date Of Grievanᴄe | 06-AUG-2005 |
|--------|--------|---------|----|-------------|-------------|-------------------|------------|

Appeal Received Date  02-SEP-2005

**Appeal**
I am being denied access to the Law Library. The full amount of time allotted for law library access isn't sufficien f  the volume of legal work I am persuing without a doubt the actual amout of time provided is not adequate for the purposes of eɪ g  ing in Pro Se litigation. I may find it necessary to petition the Courts to order the MTC to provide copies of relevant published l g  work.

**Remedy Requested**
Ensure that necessary staff is available to keep the law library open during it's scheduled times, provide "satalite ᴌ  Libraries" that can be accessed by people who are engaged in Pro se litigation, and finally order the Law Library to begin p ɔ  ing copies of published legal decisions.

**Staff Recipient**
Hartfield Doreen M CLERK V

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date** 02-SEP-2005    **Decision Date** 06-SEP-2005    **Decision** DENIED

**Decision By** Murphy Robert F SUPERINTENDENT

**Reasons**
Appeal denied. The Library has been closed on infrequent occasions due to the operational needs of the facility. h  proposed remedies are not practical due to the need for additional resources.

**Signature**    **Date** 9-6-0 5

## INMATE RECEIPT

**Inmate's Name** STEVENS WILLIAM G    **Institution** MASS. TREATMENT CEⅠ ɪ ₹

**Number** M85829    **Appeal Received Date** 02-SEP-2 )ɪ

**Staff Recipient** Hartfield Doreen M CLERK V

**Superintendent's Signature**

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| **INMATE'S NAME:** | **INMATE'S #:** | | **DATE:** |
|---|---|---|---|
| William Stevens | M-85829 | | 8-26-0. |

| **INSTITUTION:** | **ASSIGNED GRIEVANCE #:** |
|---|---|
| MTC | 12455 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in **Block A**, in a brief and understandable manner.
3. Provide your requested remedy in **Block B**.

**A.  Provide your appeal argument in a brief and understandable manner.**

I am being frequently and repeatedly denied access to the Law
Library which is denying my "meaningful access to the Courts".
This week alone (8/21-8/27) I have lost 2 hrs 40 min. to delayed
movements and 3 hrs 45 min to early closures for a total of 6 hrs
25 mins of lost law library time in just one week.  This is not a
one time thing nor is it a rare occurance.  As I pointed out in th
original grievance I am currently persuing 4 different legal actio s
against the DOC and other defendants at this time, two of which ar
scheduled for trial in the near future.  The full amount of time
allotted for law library access isn't sufficient for the volume of
legal work I am persuing without a doubt the actual amount of time
provided is not adequate for the purposes of engaging in Pro Se
litigation. Though I am currently swamped with law work I believe
I may find it necessary to petition the Courts to order the MTC to
provide copies of relevant published legal work so that I can make
use of the times that I am denied Law Library access to do legal
research.  The alternative would be to provide these copies
without the unnecessary legal actions.

**B.  Provide your requested remedy**

As previously requested, ensure that necessary staff is available
keep the law library open during it's scheduled times, provide
"satalite Law Libraries" that can be accessed by peoplewho are
engaged in Pro Se litigation, and finally order the Law Library to
begin providing copies of published legal decisions.

**Inmate's Signature**_____    **Date:** 8-26-05

**Staff Recipient**_____    **Date:** 9/6/05

(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | **Grievance#** 12876 | **Institution** MASS. TREATMENT CENTE ( | | | | |
| **Commit No.** | M85829 | **Housing** D2 | | **Date Of Incident** | 20050826 | **Date Of Grievance** | 2(0 )0826 | |

**Complaint**
The law library has again been closed early. So far this week I have lost 2 hours and 40 mins of law library time to delayed movements and 3hrs 45 mins of law library to early closures. That is a combined totaled of 6 hrs 25 mins or just the last five days. To add insult to injury today the state prison inmate that share this facility were allowed to remain in the gym and on the yard while the civil residents had all their programs canceled. Therefore, in one fell swoop, the Nemansket Correctional Center managed to violate my clearly established First and Fourth Amendment rights in one afternoon. I have previously suggested that the law library begin providing copies of published legal work from law books and or satalite law libraries to enable residents engaged in pro se legal work to make better use of their time when not in the library by allowing research to be done outside the library and in the cell.

**Remedy Requested**
1.) Order the librarian to begin providing copies of published legal work
2.) consider the possibility of opening satalite law libraries for use when access to the main law library is denied, and
3.)Ensure that staff is available to keep the law library open when it is supposed to be.

**Staff Recipient**   Edington Glenn E  CO II

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050901   **Decision Date** 20050915

**Signature**   Edington Glenn E  CO II

**Final Decision** DENIED

**Decision**
Grievance is denied. Grievant had thirteen visits to the law library for the month of August (up to the date of reported incident). Although there has been instances of early library closures, grievant has been provided with access to the law library. Request for photo copying of published legal work, satellite law libraries is denied. The law library will be opened in accordance to the institution library schedule and if the needs of the institution permit.

**Signature**                              **Date**   9-15-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | | **Institution** MASS. TREATMENT CENTE F | |
| **Commit No.** | M85829 | **Grievance#** 12876 | **Date Received** | 20050901 | |

**Signature.**   Edington Glenn E  CO II

COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#12576

| **INMATE'S NAME:** | **INMATE'S #:** | **DATE:** |
|---|---|---|
| William Stevens | M-85829 | 8-26-05 |

| **INSTITUTION:** | **DATE OF INCIDENT:** |
|---|---|
| MTC | 8-26-05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

<u>XX</u> **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary. The Law Library has again been closed early! So far this week I have lost 2 hrs 40 mins of Law Library time to delayed movements and 3hrs 45 mins of Law Library time to early closures! That is a combined total of 6 hrs 25 mins in just the last five (5) days. To add insult to injury today the State Prison inmates that share this facility were allowed to remain in the gym and on the yard while the Civil Residents had all their programs canceled. Therefore, in one fell swoop, the Nemansket Correctional Center managed to violate my clearly established First and Fourteenth Amendment rights in one afternoon. I have previously suggested that the Law Library begin providing copies of published legal work from law books and/or "satalite law libraries" to enable residents engaged in Pro Se legal work to make better use of their time when not in the library by allowing research to be done outside the library and in the cell.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

**D.** Provide your Requested Remedy. 1) Order the librarian to begin providing copies of published legal work,
2) consider the possibility of opening satalite law libraries for use when access to the main Law Library is denied, and
3) Ensure that staff is available to keep the Law Library open when it is supposed to be.

| Inmate's Signature | Date: 8-26-05 |
|---|---|
| Staff Recipient | Date: 9-1-05 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | STEVENS WILLIAM G | | Grievance# | 13002 | Institution | MASS. TREATMENT CENTEI | | |
|------|------|------|------|------|------|------|------|------|

| Commit No. | M85829 | Housing | D2 | | Date Of Incident | 20050831 | Date Of Grievance | 20) )902 |
|------|------|------|------|------|------|------|------|------|

**Complaint**

On 8-31-05 I accessed the MTC inmate law library for the purpose of obtai ing copies of documents that I intended to submit to my attorneys for their r /iew. Per MTC regulations I supplied cover letters to both attorneys which iden ified the three documents as being potentially evidentiary in nature and reques ing their input as to the usefullness of the documents in ongoing litigation. At approx. 3:30 pm, 2hrs after I submitted the documents for copying, I aske the librarian what the status was of my legal copies. I believe her response is, " I give them to administration". I then requested that she return my legal i uments to me, she told me that I would have to withdraw my copy request which I uld not do until she denied the copies. Her response was to reach for her par button (even though I was over ten feet away and behind the counter) and peat " then I give to administration". At the next library access I again asked or the legal copies and was told that the administration was unavailable, makin t now over 48 hrs that the librarian has had my legal documents. Rule 401, Fed . Evid. defines relevant evidence as evidence having any tendancy to make existance of any fact that is of consequence to the determination of the a tion more probable. All three documents fall within this definition for one o ore of the legal actions I am currently engaged in. The United States Supreme Cot t in Bounds v.Smith 430 US 1 established beyond a doubt " that prisoners have a constitutional right to the courts." Id at 11 and that prisoners must le permitted court access that is adequate, effective and meaningful". Id a 22. By confiscating these legal documents, whether the intent was merely to temp arily or perminantly deprive, has seriously impaired my ability to adequately lt ld and support my position in my legal actions. This attacks the very adequacy effectiveness and meaningfulness of my access to the courts. To wade furt r into the realm of Constiut

**Remedy Requested**

1.) provide the copies of the legal documents confiscated by the librarian 2.) Return the original legal documents to the grievant 3.) Instruct the librarian to review the Federal Rules of Evidence so this doesn't recur; and 4.) if the librarian is unable to authorize or deny any and all legal copi s on the spot develop a policy that will grant an answer in less than 48 hrs th t this has gone on, thus far.

| **Staff Recipient** | Edington Glenn E CO II | | | |
|------|------|------|------|------|

**Staff Involved**

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| **Date Received** | 20050908 | **Decision Date** | 20050917 |
|------|------|------|------|

**Signature** Edington Glenn E CO II

**Final Decision** DENIED

**Decision** Grievance is denied. Grievant's materials were not confiscated by the libra ian. Grievant reportedly was offered the return of his materials, (in lieu of ning a withdrawl of copying request ), on each occassion of inquiry, but inste , elected to leave the subject materials with the law library, awaiting the

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | | **Institution** | MASS. TREATMENT CENTE | | |
| **Commit No.** | M85829 | **Housing** D2 | | **Date Of Incident** 20050831 | | **Date Of Grievance** 20C 0902 | |

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

decision. The request was denied 9-2-05, and the subject materials were returned
to grievant. Remedies requested is denied. The appropriate staff have been
designated to review, and render a decision, within a reasonable time period.

**Signature** _____    **Date** _9-17-05_

Denied grievances may be appealed to the Superintendent within 10 working days of Institution
Grievance Coordinator's decision.

### INMATE RECEIPT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | STEVENS WILLIAM G | | | **Institution** | MASS. TREATMENT CENT N | |
| **Commit No.** | M85829 | **Grievance#** 13002 | **Date Received** 20050908 | | | |
| **Signature.** | Edington Glenn E  CO II | | | | | |

# 13002

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| William Stevens | M-85829 | 9- -05 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| MTC | 8-31-05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

_____ **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary. On 8/31/05 I accessed the MTC Inmate Law Library for the purpose of obtaining copies of documents that I intended to submit to my attorneys for their review.  Per MTC regulations I supplied cover letters to both attorneys which identified the three documents as being potentially evidentiary in nature and requesting their input as to the usefullness of the documents in ongoing litigation.  At approx. 3:30pm, 2 hrs after I submitted the documents for copying, I asked the librarian what the status was of my legal copies.  I believe her response was, "I give them to administration." I then requested that she return my legal documents to me, she told me that I would have to withdraw my copy request which I would not do until she denied the copies. Her response was to reach for her panic button (even though I was over 10' away and behind a counter) and repeat "then I give to administration" At the next library access I again asked for the legal copies and was told that the administration was unavailable, making it now over 48 hrs that the librarian has had my legal documents.  Rule 401 Fed. R. Evid. defines relevant evidence as "Evidence having any tendency to make the existance of any fact that is of consequence to the determination of

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.




**D.** Provide your Requested Remedy. 1) provide the copies of the legal document confiscated by the librarian; 2)Return the ogiginal legal documents to the grievant; 3) Instruct the librarian to review the Federal Rules of Evidence so this doesn't recur; and 4) if the librarian is unable to authorize or deny any and all legal copies on the spot develop a policy that will grant an answer in less than the 48 hrs that this has gone on, thus far.

| Inmate's Signature | Date: 9-2-05 |
|---|---|
| Staff Recipient | Date: 9-7-05 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**

(Inmate receipts/responses will be generated via the Inmate Management System.)

# 13,0 ⅌

Attachment to Grievance of William Stevens

the action more probable..." All three documents fall within t is
definition for one or more of the legal actions I am currently
engaged in.

    The United States Supreme Court in <u>Bounds v. Smith</u>, 430
US 1 established beyond a doubt that "prisoners have a constit1 itional
right of access to the courts." <u>Id</u> at 11, and that "prisoners
must be permitted court access that is adequate, effective and
meaningful." <u>Id</u> at 822. By confiscating these legal document;
whether the intent was merely to temporarily or perminantly
deprive, has seriously impared my ability to adequately build
and support my position in my legal actions. This attacks the
very adequacy effectiveness and meaningfulness of my access
to the courts.

    To wade further into the realm of Constitutional violation;
it should be noted that the documents confiscated by the libra:: in
are pertinent to one of more of the legal actions that the
librarian and the administration are respondents to, and furthe
it should be noted that the Court in <u>Bayron v. Trudeau</u>, 702
F.2d 53 decided that a guard reading legal papers during a sea: (i
rises to the level of a Constitutional violation. That is for
merely reading legal documents, not nearly as bad as confiscat: r;
them.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | **Grievance#** 12451 | | **Institution** MASS. TREATMENT CENTEI | | | |
| **Commit No.** | M82011 | **Housing** D2 | | **Date Of Incident** | 20050805 | **Date Of Grievance** | 20) | )805 |

**Complaint**  On this date, prior to the afternoon movement, an announcement was made that the library ( which includes the law library), was closed. This )ccurs frequently and severely interferes with my ability to do my legal work. 1is violates my right or meaningful access to the courts under both the feder l and state constitutions.

**Remedy Requested**
1. Open the library when it is scheduled to be open.

2. Make copies of cases and statutes for me so that I can do my leg1 work.

3. Make satellite law libraries in the unused conference rooms in t1 units.

| | |
|---|---|
| **Staff Recipient** | Hartfield Doreen M CLERK V |
| **Staff Involved** | |
| **Signature** | |

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| | | | |
|---|---|---|---|
| **Date Received** | 20050811 | **Decision Date** 20050824 | |
| **Signature** | Edington Glenn E CO II | | |
| **Final Decision** | DENIED | | |

**Decision**  Grievance is denied. Opening of institution areas / programs is continge t on the institution's staffing needs. The operation needs of the facility will de rmine if the movement schedule will be implemented or revised for any particula r day. Request for unit satellite law libraries and photo copying of cases / stat es is denied.

**Signature** _(signature)_   **Date**  8-24-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

### INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | | **Institution** MASS. TREATMENT CENTE( | |
| **Commit No.** | M82011 | **Grievance#** 12451 | **Date Received** | 20050811 | |
| **Signature.** | Hartfield Doreen M CLERK V | | | | |

FORM A

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

# 1251

| INMATE'S NAME: | | INMATE'S #: | | DATE: |
|---|---|---|---|---|
| Paul F. Shedlock | | M82011 | | 8/5/05 |
| **INSTITUTION:** | | | **DATE OF INCIDENT:** | |
| Nemansket Correctional Center (MTC.) | | | 8/5/05 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A.**
3. In **Block B**, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in **Block D.**

**A. Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.**

_____ **EMERGENCY**

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be used necessary.**

On this date, prior to the afternoon movement, an announcement was made that the library (which includes the law library), was closed. This occurs frequesntly and severely interferes with my ability to do my legal work. This violates my right of **meaningful** access to the courts under both the federal and state constitutions.

**C. List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

I have attempted to obtain copies of case law from the library when it is open so that I can do my legal work in my cell. The librarian refuses to copy cases or statutes which means that when the library is closed I am unable to do any work on my cases which are currently ongoing in the courts.

**D. Provide your Requested Remedy.**
1. Open the library when it is scheduled to be open.
2. Make copies of cases and statutes for me so that I can do my legal work.
3. Make satellite law libraries in the unused conference rooms in the units.

Inmate's Signature __Paul F. Shedlock__                    Date: __8/5/05__

Staff Recipient __Dollen HartFIELClerk V__                 Date: __8-11-0__

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | SHEDLOCK PAUL F | | Grievance# | 12454 | Institution | MASS. TREATMENT CENTER | |
|------|------|------|------|------|------|------|------|

| Commit No. | M82011 | Housing | D2 | Date Of Incident | 20050805 | Date Of Grievance | 20050805 |
|------|------|------|------|------|------|------|------|

**Complaint**

The law library at this institution is insufficient to accomodate the number of persons who need to access it.  This is further exacerbated by the fact that the law library is combined with the general library.  The limit of 25 persons (5 of which are workers), is less that 10% of the civil population.  When this is considered with the fact that the library is only available for the civil building movement (only one half of each day), and that availability is for a maximum of 15 hours per week, the fact is inescapable that there is insufficient law library access.  This is especially so where access is "first come, first serve".  When movement is called, the first persons to the library are the only ones to gain access.  This is particularly egregious in my situation as I am disabled and cannot walk fast enough to make the first twenty for access on most days).  The problem is made worse by the librarian's refusal to make copies of legal material out of books or case law.

**Remedy Requested**

1.  Move the law library to another, larger space.

2.  Split the law library from the general library.

3.  Provide satellite law libraries for access during non-civil     building movement periods.

| Staff Recipient | Hartfield Doreen M   CLERK V |
|------|------|

**Staff Involved**

**Signature**

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20050811 | Decision Date | 20050917 |
|------|------|------|------|

| Signature | Edington Glenn E   CO II |
|------|------|

| Final Decision | DENIED |
|------|------|

**Decision**

Grievance is partially approved.  The institution will develop a schedule that will increase access to the law library. However requests for: 1.) relocation of law library, 2.) split the law library from the general library, and 3.) provide satellite libraries are all not feasible and all are denied.

| Signature | | Date | $9 - 17 - 05$ |
|------|------|------|------|

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

### INMATE RECEIPT

| Name | SHEDLOCK PAUL F | | Institution | MASS. TREATMENT CENTER |
|------|------|------|------|------|

| Commit No. | M82011 | Grievance# | 12454 | Date Received | 20050811 |
|------|------|------|------|------|------|

| Signature. | Hartfield Doreen M   CLERK V |
|------|------|

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

# 12 154

| INMATE'S NAME: | INMATE'S #: | | D.\ E: |
|---|---|---|---|
| Paul F. Shedlock | M82011 | | 8.\ '05 |
| **INSTITUTION:** | | **DATE OF INCIDENT:** | |
| Nemansket Correctional Center (MTC) | | 8/5/05/continuous | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A**.
3. In **Block B**, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity c staff members you have contacted.
5. Provide a Requested Remedy in **Block D**.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievanc elect Emergency and one additional grievance type.

_____ **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be us d if necessary.

The law library at this institution is insufficient to accommodat the number of persons who need to access it. This is further exacerb ted by the fact that the law library is combined with the general libra . The limit of 25 persons (5 of which are workers), is less than 10% of the civil population. When this is considered with the fact that the library is only available for the civil building movement (only one half of each day), and that availability is for a maximum of 15 hours per week, the fact is inescapable that there is insufficie law library access. This is especially so where access is "first come, first serve". When movement is called, the first persons to the library are the only ones to gain access. This is particularly egregious in my situation as I am disabled and cannot walk fast eno to make the first twenty for access (on most days).
The problem is made worse by the librarian's refusal to make cop of legal material out of books or case law.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you hav contacted.

This is my first complaint about the insufficient capacity and hours for the law library. This is also my first complaint about the librarian's refusal to copy legal materials or case law out of books.

**D.** Provide your Requested Remedy.
1. Move the law library to another, larger space.
2. Split the law library from the general library.
3. Provide satellite law libraries for access during non-civil buildi g movement periods.

Inmate's Signature _Paul F. Shedlock_    Date: _8/5/05_

Staff Recipient _Soree Hart Cic 10 Clerk_ Date: _8-11-05_

**DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipt/res

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | **Grievance#** 12484 | **Institution** MASS. TREATMENT CENTER | | | |
| **Commit No.** | M82011 | **Housing** D2 | | **Date Of Incident** | 20050810 | **Date Of Grievance** | 20058810 |

**Complaint**
Today, Wednesday, the Library was closed. This is a continuing issue. The closing of the Library deprives me of already limited time that I have in the courts of the commonwealth. This seriously hampers my ability to meaningfully conduct legal research. This is violative of my state and ferderal constitutional rights to access to the courts.

**Remedy Requested**
1.) Provide access to the law library when scheduled.
2.) Provide satellite law libraries
3.) Provide legal reseach copies as required by 103 CMR 478.11 (4) (a)
4.) Barring access to the law library or research materials, provide a paralegal to conduct research or provide materials needed.

**Staff Recipient**   Edington Glenn E  CO II

**Staff Involved**

**Signature**

........................................................................................

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050814   **Decision Date** 20050824

**Signature**   Edington Glenn E  CO II

**Final Decision** DENIED

**Decision**
Grievance is denied. In response to previously identical requested remedie. in grievance #12453. Access to the Law Library will remain in accordance to the times as defined in MTC Procedural Attachment to 103 CMR 478, Library Services, and may be subject to change without notice, based on operational and staffing needs of the institutional. Legal photocopying services is provided to the institution's population pursuant to MTC Procedural Attachment to 103 CMR 8. Request for satellite libraries, legal research copies, and a paralegal is denied. Specially trained law clerks are available in the law library. No library services will be provided when the library is closed.

**Signature**   _(signature)_     **Date**   8-24-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

........................................................................................

### INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | | **Institution** MASS. TREATMENT CENTER | |
| **Commit No.** | M82011 | **Grievance#** 12484 | **Date Received** 20050814 | | |

**Signature.**   Edington Glenn E  CO II

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

# 2184

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| Paul F. Shedlock | M82011 | 8 10/05 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| Nemansket Correctional Center (MTC) | 8/10/05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A.**
3. In **Block B,** give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in **Block D.**

**A.  Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.**

_____ **EMERGENCY**

**B.  Give a brief and understandable summary of your complaint/issue. Additional paper may be used if necessary.**

    Today, Wednesday, the library was closed. This is a continuing issue. The closing of the library deprives me of already limited time that I have to research the law relative to three cases that I presently have in the courts of the commonwealth. This seriously hampers my ability to **meaningfully** conduct legal research. This is violative of my state and federal constitutional rights to access to the courts.

**C.  List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

    This is my second grievance. The first was filed on Friday, August 5, 2005. (I still have to receive a response to my filings.)

**D.  Provide your Requested Remedy.**
1. Provide access to the law library when scheduled
2. Provide satellite law libraries
3. Provide legal research copies as required by 103 CMR 478.11(4)(a)
4. Barring access to the law library or research materials, provide a paralegal to conduct research or provide materials needed

| Inmate's Signature _Paul F. Shedlock_ | Date: _8/10/05_ |
|---|---|
| Staff Recipient | Date: _8/14/05_ |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**

(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS  /o 42
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | SHEDLOCK PAUL F | | Grievance# 12928 | Institution MASS. TREATMENT CENTE. |
|------|-----------------|---|---|---|

| Commit No. | M82011 | Housing D2 | Date Of Incident 20050902 | Date Of Grievance 20050902 |
|------------|--------|------------|---------------------------|----------------------------|

**Complaint**
On this date the library and learning center were closed at 2:30 PM for t e civil population. This, allegedly, was due to "staffing issues". However, the s ate inmate population, remained in the yard and the gym. If ther are sufficien staff to supervise the state inmate population, then the state population shoul be returned to their housing units and the civil population should have rem ined in their programs and the library. Per the DOC's stated operation procedures to the State Legislature, the civil population is to have precedence in programs and recreation. This does not happen. The civil population is denied programs and library at a rate95 % greater than the state population. As such, the administraton here is lying to the Central office and the Central offic s passing along these lies to the Legislature.

**Remedy Requested**
1.) Provide access to the law library.
2.) Inforn whoever makes the decisions to close the library that they are irst to close the state inmate's recreation to provide for the alleged staff sh rtage.
3.) Provide satellite law library access. Possibly, through the installati n of a computer station in each unit which is connected to a server unit that is maintained in the institution library. This system would only have the Wes law, State and Federal case law, rules of court and any other research material which is provided at other institutions which have installed these systems in th ir libraries. (As we are civil detainees, this should pose no security threat There is no reason that we, as civil detainees, do not have access to a system f r the sole purpose of conducting legal research. Even when the library is opera 1g at the specified times and not closed for staffing, we only have about 15 ho 1 per week. And when this is considered in light of the fact that the library al serves as the general library, that time is severely impacted by people wh want to read papers, read books, or other activities. This could be done very e. ily and not impact security at all.

| Staff Recipient | Edington Glenn E  CO II |
|-----------------|-------------------------|

| Staff Involved | |
|----------------|---|

| Signature | |
|-----------|---|

#### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20050903 | Decision Date | 20050917 |
|---------------|----------|---------------|----------|

| Signature | Edington Glenn E  CO II |
|-----------|-------------------------|

| Final Decision | PARTIAL APPROVAL |
|----------------|------------------|

**Decision**
Grievance is partially approved. This institution provides law library acce s and will continue in providing access to the law library. Additionally the institution will develop a schedule that will increase access to the law li rary. Request for satellite law library access and the closure of state populatio recreation for supplementation of staffing is denied.

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | Institution | MASS. TREATMENT CENTER |
|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | | | |
| **Commit No.** | M82011 | **Housing** D2 | | **Date Of Incident** | 20050902  **Date Of Grievance** 20?? 902 |

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Signature** _[signature]_

**Date** 9-11-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

### INMATE RECEIPT

| | | | | Institution | MASS. TREATMENT CENTER |
|---|---|---|---|---|---|
| **Name** | SHEDLOCK PAUL F | | | | |
| **Commit No.** | M82011 | **Grievance#** 12928 | **Date Received** | 20050903 | |

**Signature.** Edington Glenn E  CO II

To:    Institutional Grievance Officer, Sgt. Eddington

From: Paul F. Shedlock   M82011

Date: September 2, 2005

Re:    Library Access Grievance

REQUESTED REMEDY

installation of a computer station in each unit which is connected to
a server unit that is maintained in the institution library. This system
would ONLY have the WESTLAW, State and Federal case law, Rules of Court
and any other research material which is provided at other institutions
which have installed these systems in their libraries. (As we are civil
detainees, this should pose no security threat. There is no reason that
we, as civil detainees, do not have access to a system for the SOLE
purpose of conducting legal research. Even when the library is operating
at the specified times and not closed for "staffing", we only have about
15 hours per week. And when this is considered in light of the fact that
the library also serves as the general library, that time is severely
impacted by people who want to read papers, read books or other activities.
This could be done very easily and not impact security at all.)

*Paul F. Shedlock*

# 928
# 1.928

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | | ATE: |
|---|---|---|---|
| Paul F. Shedlock | M82011 | | /2/05 |
| INSTITUTION: | | DATE OF INCIDENT: | |
| Nemansket Correctional Center (MTC) | | 9/2/05 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A.**
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the iden i of staff members you have contacted.
5. Provide a Requested Remedy in **Block D.**

**A. Check off one grievance type only (Listed on reverse side). When filing an Emergency Grieva e select Emergency and one additional grievance type.**

X __EMERGENCY__

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be s d, if necessary.**

On this date the library and learning center were closed at 2:30 .m. for the civil population. This, allegedly, was due to "staffing iss s". However, the state inmate population remained in the yard and the g . If there are sufficient staff to supervise the state inmate populat , then the state population should be returned to their housing units d the civil population should have remained in their programs and the brary. Per the DOC's stated operation procedures to the State Legislature, t e civil population is to have precedence in programs and recreation. h s does not happen. The civil population is denied programs and library t a rate 95% greater than the state population. As such, the administrati n here is lying to the Central Office and the Central Office is passin along these lies to the legislature.

**C. List any action taken to address/resolve this matter. Include the identity of staff members you ha e contacted.**

Previous Grievances. (Surprisingly, they were denied.)

**D. Provide your Requested Remedy.**

1. Provide access to the law library.
2. Inform whoever makes the decisions to close the library that they a e to first close the state inmate's recreation to provide for the alleged staff shortage.
3. Provide satellite law library access. Possibly, through the (next p ge)

| Inmate's Signature | Paul F. Shedlock | Date: 9/2/05 |
|---|---|---|
| Staff Recipient | | Date: 9-3-05 |

**DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | SHEDLOCK PAUL F | | Grievance# 12929 | Institution MASS. TREATMENT CENTEF |
|---|---|---|---|---|

| Commit No. | M82011 | Housing D2 | Date Of Incident | 20050902 | Date Of Grievance | 20059902 |
|---|---|---|---|---|---|---|

**Complaint**

On this date the library was closed at 2:30 PM. This is a constant occurrance on Friday afternoons. Not only that, but last week we had a total of 5 hours and 15 minutes that the library was open. This is ludicrous. i have three open and active cases and need access to the library for research and copies. I'm also grieving the IGC's continual excuse that the "needs of the institution to be precedence" as a basis for denying my grievances. This excuse carries no weight in the courts as an excuse for me to exceed deadlines, so this isn't a valid reason to close the library for several hours every week. (At most we have 15 hours of library access scheduled per week. This is if the movement were as posted. This never happens, so we are reduced access time. And then when i closes early, we are denied even more access time. This doesn't take into account the fact that there are only 20 seats for the general population and the library also serves the general reading reading material.) A remedy must be found !

**Remedy Requested**

1. Leave the library open and seperate the law library from the general .
2. Provide satelite libraries in each unit for research purposes.
3. Provide a library in the Sate modular Units.
4. Remove the state population from the institution.
5. Provide copies of case law and research material per 103CMR 478.11 (4)

**Staff Recipient**    Edington Glenn E   CO II

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20050903 | Decision Date | 20050917 |
|---|---|---|---|

**Signature**    Edington Glenn E   CO II

**Final Decision**    DENIED

**Decision**

Grievance is denied. The library will remain open when staffing needs permit. The requested remedies for: 1.) separating the general library from the law library. 2.) provide satelite libraries in each unit. 3.) provide library in state modular units. 4.) Remove state population from institution. 5.) provde copies of case law and research material, are all denied.
Lastly, the Institution will develop a schedule that will increase access to the law library.

**Signature**    _[signature]_    **Date**    9-17-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| Name | SHEDLOCK PAUL F | | | Institution MASS. TREATMENT CENTER |
|---|---|---|---|---|

| Commit No. | M82011 | Grievance# 12929 | Date Received 20050903 |
|---|---|---|---|

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | ATE: |
|---|---|---|
| Paul F. Shedlock | M82011 | )/2/05 |

| INSTITUTION: | DATE OF INCIDENT: |
|---|---|
| Nemansket Correctional Center (MTC) | 9/2/05 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A.**
3. In **Block B**, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the iden i of staff members you have contacted.
5. Provide a Requested Remedy in **Block D.**

**A.** Check off one grievance type only (Listed on reverse side). When filing an **Emergency Grievi** e select **Emergency** and one additional grievance type.

### ✗  EMERGENCY

**B.** Give a brief and understandable summary of your complaint/issue. **Additional paper may be us d, if necessary.**

On this date the library was closed at 2:30 p.m. This is a cons t nt occurrence on Friday afternoons. Not only that, but last week we ha a total of 5 hours and 15 minutes that the library was open. This is ludicrous. I have three open and active cases and I need access to t he library for research and copies.

I am also grieving the IGC's continual excuse that the "needs of he institution take precedence" as a basis for denying my grievances. I is excuse carries no weight in the courts as an excuse for me to exceed deadlines, so this isn't a valid reason to close the library for sev ral hours every week. (At most we have 15 hours of library access sched ed per week. This is **if** the movements were as posted. This **never** happe , so we are reduced in access time. And then when it closes early, we ar denied even more access time. This doesn't take into account the fa that there are only 20 seats for the general population and the library so serves the general reading material.) A remedy **MUST BE FOUND!!**

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you ha e contacted.

Previous grievances. (All denied. Surprised?)

**D.** Provide your Requested Remedy.
1. Leave the library open and seperate the law library from the gene a ..
2. Provide satelite libraries in each unit for research purposes.
3. Provide a library in the State Modular Units.
4. Remove the state population from this institution.
5. Provide copies of case law and research material per 103 CMR 478.11 (4).

| Inmate's Signature | Paul F. Shedlock | Date: 9/2/05 |
|---|---|---|
| Staff Recipient | | Date: 7/3/05 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

**FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | HOWARD WALTER | | **Grievance#** 11658 | **Institution** MASS. TREATMENT CENTER | | |
| **Commit No.** | M14559 | **Housing** D2 | | **Date Of Incident** 20050623 | **Date Of Grievance** | 20050623 |

**Complaint**
On both of the above dates I was unable to acces the institutions law library due to apparent security personnel shortages. I am a 123a 14 (a) pre trial detainee who is litigating in both the US district court and the US court of appeals. One of my federal cases is partially against DOC personnel and the unconstitutionality of MGL c 123A. the deprivation of law library access violates provisions in 103 CMR 478, and 900. The deprivation of access to the law library and legal resources violates my civil rights

**Remedy Requested**
Find/hire the necessary security personnel for the law library as required by law.

**Staff Recipient**  Hartfield Doreen M  CLERK V

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050706    **Decision Date** 20050713

**Signature** Edington Glenn E  CO II

**Final Decision** PARTIAL APPROVAL

**Decision**
Grievance is partially approved. This institution will make every effort to open the Library and programs as scheduled. However, there are occasions that the needs of the institution dictate staff resource availability.

**Signature** _[signature]_    **Date** 7-13-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | HOWARD WALTER | | | **Institution** MASS. TREATMENT CENTER | |
| **Commit No.** | M14559 | **Grievance#** 11658 | **Date Received** 20050706 | | |

**Signature.** Hartfield Doreen M  CLERK V

FORM A

# ~~## ~~# 11:58

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: Walter Howard | INMATE'S #: M14559 | DATE 6/23/05 |
|---|---|---|

| INSTITUTION: Newmonsket Correctional Center/Treatment Center | DATE OF INCIDENT: 6/22,23/05 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of t f members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance s l t Emergency and one additional grievance type.

X **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, necessary.

on Both of the above dates, I was unable t access the institution's Law Library due to apparent "security personnel" shortages. I am a 1234 §14(a) pre-trial detainee who is litigating in Both the U.S. District Court and the U.S. Court of Appeals. one my federal Cases is partially against DOC personnel and the Unconstitutionality of M.G.L.c. 123A. The deprivation of law library access violates provisions in 103 CMR 8, and 900. The deprivation of access to the law library and legal resources Violates my Civil Rights.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

There ~~were~~ was no one available to remedy this ongoing problem.

**D.** Provide your Requested Remedy.

Find/hire the necessary Security personnel for the law library as required by law.

Inmate's Signature _Walter Howard_ Date: 6/23/05

Staff Recipient _Diller Hartfield Clerk_ Date: 7-6-

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 1( BUSINESS DAYS.**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | HOWARD WALTER | | **Grievance#** 12434 | **Institution** MASS. TREATMENT CENTE! | | | |
| **Commit No.** | M14559 | **Housing** D2 | | **Date Of Incident** 20050806 | **Date Of Grievance** 20050806 | | |

**Complaint**  On the above date, the corrections administration announced, once again, that there would be no law library for the civil population movement period. The state prison inmates are recieving their proper law library access, and as a detainee/civilly committed person, I/we are unable to gain timely, and meaningful access to the courts, or study the law, or type our legal work. Additionally, the DOC/FHS administration will not allow me/us to copy any case law pertinant to our litigation, and relative to our constitutional/civil rights. This is the only institution I am aware of in the Massachusetts Correctional System that practices these patterns of systemic abuse, and is in violation of my rights, privileges, and immunities under the state and federal consitution.

**Remedy Requested**  Find some way to assure that the civilly committed population has their access to the institution's law library at the appropriate times. Also instruct the librarian to copy case law for those with current cases.

**Staff Recipient**  Hartfield Doreen M  CLERK V

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050810   **Decision Date** 20050824

**Signature**  Edington Clenn E  CO II

**Final Decision** DENIED

**Decision**  Grievance is denied. Opening of institution law library / programs is cort ıgent on the institution's staffing needs. The operation needs of the facility will determine if the movement schedule will be implemented or revised for any particular day.  The Librarian provides legal photo copying services, with accordance to MTC Procedual Attachment  103 CMR 478 Library Services.

**Signature**                                    **Date**     8-24-05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | HOWARD WALTER | | | **Institution** MASS. TREATMENT CENTE! | | |
| **Commit No.** | M14559 | | **Grievance#** 12434 | **Date Received** 20050810 | | |

**Signature.**  Hartfield Doreen M  CLERK V