UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM G. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-11938-JLT |
| ROBERT HOWLAND, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DEPARTMENT OF CORRECTIONS TO PROVIDE PHOTOCOPIES OF LEGAL DOCUMENTS AND LEGAL PUBLICATIONS

March 15, 2006

This matter is before the court on plaintiff's Motion to Compel the Department of Corrections to Provide Photocopies of Legal Documents and Legal Publications. (Docket No. 20). After consideration of the pleadings and affidavits, the motion is DENIED WITHOUT PREJUDICE.

### I. STATEMENT OF FACTS[1]

The *pro se* plaintiff, William Stevens ("Stevens"), is under involuntary confinement in the Nemansket Correctional Center ("Massachusetts Treatment Center") pursuant to Mass. Gen. Laws ch. 123A. (Stevens Motion at 1). By this motion, Stevens

---

[1] The facts are taken from the Plaintiff's Motion to Compel ("Stevens Motion") (Docket No. 20), Stevens' Affidavit ("Stevens Aff. at __") (Docket No. 27), Defendants' Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion to Compel ("Defs. Memo at __") (Docket No. 23-1), and the affidavit of Natalya Pushkina, the librarian at the Treatment Center ("Pushkina Aff. at __") (Docket No. 23-2).

seeks (1) access to the Law Library during all scheduled times, (2) photocopies of relevant legal documents and portions of law books and other legal publications, and (3) to enjoin defendants from confiscating and/or reading his legal materials. (Stevens Motion at 3). As detailed herein, while the record shows that Stevens has not obtained as much access to legal materials as he may desire, there is no evidence that his ability to prosecute this, or any other action, has been impaired. Consequently, the motion to compel is denied without prejudice.

### Access to the Library

There is one library for the two groups of individuals who are confined to the Treatment Center and who are kept separate and apart, those individuals who are subject to a criminal sentence and those who are there pursuant to an involuntary civil commitment or who are awaiting civil commitment proceedings. (Pushkina Aff. ¶ 3). Stevens and other individuals under civil commitment to the Treatment Center can access the law library during certain scheduled hours between Monday and Friday. (Id.). Two days a week the law library is open for three hours; two days a week the law library is open for two hours and twenty-minutes; and one day a week the law library is open for a total of four hours and forty-five minutes. (Id.). Nevertheless, according to Stevens, the library is often closed for the entire day or is closed early, regardless of the posted hours. (Stevens Aff. at 4).

The law library can accommodate twenty-five residents at one time due to fire and safety regulations. (Pushkina Aff. ¶ 4). According to Stevens, five of the available

positions are reserved for inmate library workers, thus leaving only twenty positions for the remaining inmate population. (Stevens Aff. at 2). Access to the library for the 330 persons entitled to use the facility is apportioned on a first-come first-serve basis. (Id.). During the months of July and August 2005, Stevens accessed the library on 22 occasions. (Pushkina Aff. ¶ 4, Attachment 2). According to Stevens, there were 31 additional times that the library was open that he was unable to gain access. (Stevens Aff. at 2).

### Photocopying

Stevens and other individuals under civil commitment to the Treatment Center are provided "photocopies of original legal materials within reasonable amounts at no charge," based on 103 C.M.R. 478.11(4). (Pushkina Aff. at ¶ 5; Stevens Aff. at 2-3). The Treatment Center has developed two policies to accommodate inmate requests while maintaining staff efficiency: first, inmates are required to present pleadings and exhibits together as a complete package to be mailed to the court and opposing counsel to ensure the library staff avoid making unnecessary copies; and second, inmates are asked to properly label the exhibits that accompany their pleadings. (Pushkina Aff. ¶ 5). Library staff makes a cursory review of the materials to be copied to avoid copying non-legal material hidden within legal materials. (Id.). There is no indication that Stevens has ever hidden any materials to be copied. (Stevens Aff. at 3-4). From July 16, 2005 until September 2005, Stevens submitted request forms on 15 occasions to have 673 copies made. (Pushkina Aff. ¶ 6). Of these requests, only 15 pages were rejected for copying.

(Id.). According to Stevens, outside of this period, other requests had been rejected as well. (Stevens Aff. at 4).

Stevens asserts that the review of his materials before photocopying has taken too long, up to three days in one case. (Id., and Attachment D (Grievances)). An example of a denied photocopy request was Stevens' request that the case of Crawford v. Washington, a recent Supreme Court opinion at the time, be copied so that he could send it to his attorney. His Grievance was denied because "[t]here is no requirement that the MTC provide copies of decisions for attorneys. [He] may cite the case in [his] letter to [his] attorney for his reference." (Stevens Aff. at Attachment D at 1). A second example of a denied photocopy request is a copy of the American Psychiatric Association Ethics Code. (Stevens Aff. at 4).

## II. ANALYSIS

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). This "fundamental constitutional right to access the courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828, 97 S. Ct. at 1498. The right of access is not unrestricted, rather the issue is whether the ability "to participate meaningfully in the legal process" has been frustrated. Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). To assert a viable challenge to a library or legal assistance program, Stevens must establish that the alleged

shortcomings "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). This he has failed to do.

The regulations governing access to the library at the Treatment Center pass constitutional muster on their face. Thus, 103 C.M.R. 478.00 is designed "to provide a guide for the planning, implementation and evaluation of library services in all state correctional institutions." 103 C.M.R. 478.01. Each facility may establish daily operating procedures with the approval of the Superintendent, including a schedule of library hours, and "procedures to ensure the security of the library and the library collection." Id. at 478.12. Photocopying is governed by 103 C.M.R. 478.11(4), as well as regulations governing specific locales. See id. at 478.11(4)(b). These regulations provide in part that "[p]hotocopying services shall be for the purpose of duplicating original legal documents," and that "requests shall be complied within reasonable amounts at no charge." Id. at 478.11(4)(a) and (b).

Stevens' specific complaints have not established that he has been denied meaningful access to the courts. While he has not had access on every occasion, he has been able to use the library on numerous occasions. The fact that the library refused to copy cases or other easily available material for use by Stevens' counsel does not appear to have impaired his ability to pursue his claims. Similarly, any review of the materials submitted for photocopying for inappropriate materials does not appear to have interfered with his access to legal materials. Any delay in obtaining copies appears to have been minimal. In sum, Stevens has not asserted facts warranting a court order to compel the

defendants to provide him with additional library access or photocopying, or to prevent the defendants from a cursory review of materials to be copied.

### III.  ORDER

For the reasons detailed herein, the Motion to Compel (Docket No. 20) is DENIED WITHOUT PREJUDICE.

        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge