**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

WILLIAM G. STEVENS,

    Plaintiff,

v.                                    Civil Action No. 04-11938JLT

ROBERT HOWLAND, et al.,

    Defendant.

### RESPONSE OF PLAINTIFF WILLIAM G. STEVENS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**GENERAL OBJECTIONS AND RESERVATIONS**

1. Plaintiff objects to these interrogatories to the extent that they seek the disclosure of information not required under the Federal Rules of Civil Procedure.

2. Plaintiff objects to these interrogatories as unduly burdensome and oppressive insofar as they seek information in the defendants' possession, custody or control.

3. Plaintiff's responses to these interrogatories shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissable as evidence or that the subject matter of the request is relevant to litigation.

4. Subject to and without waiving any of his objections, plaintiff reserves the right to suplement these responses, as needed, should he later obtain additional, responsive, information.

### INTERROGATORY RESPONSES

**INTERROGATORY NO. 1**

Please identify yourself, giving your full name, date of birth, and social security number.

**ANSWER NO. 1**

Plaintiff states, William G. Stevens, March 1, 1965, and

EXHIBIT 1

- 26 -

    institutions from which you received treatment for such emotional or psychological injuries;

c. a full complete description of all treatment, medication and tests, and other diagnostic tests rendered to you, giving the dates of each, and the person and/or institution by whom/which was administered.

**ANSWER NO. 14**

Plaintiff objects to this interrogatory on the grounds that it is irrelevant, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissable evidence pursuant to Fed. R. Civ. P 26(b). Subject to and without waiving said objections, plaintiff states that he has at no time, during the course of this action, alleged emotional or psychological injuries as a result of the defendants actions. Plaintiff further states that he does not possess the knowledge necessary to determine if the defendants actions and the resultant loss of ability to practice his religious beliefs has resulted in emotional or psychological injury.

**INTERROGATORY NO. 15**

Describe each and every physical injury you allege to have suffered as a result of the actions of the defendants described in the complaint, including, but not limited to:

a. a complete description of all alleged physical injuries;
b. the name and address of any and all persons or institutions from which you received treatment for said physical injuries;
c. a full and complete description of all treatment, medication and tests, and other diagnostic tests rendered

- 27 -

to you, giving the dates of each, and the person and/or institution and by whom it was administered.

**ANSWER NO. 15**

Plaintiff objects to this interrogatory on the grounds that it is irrelevant, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissable evidence pursuant to Fed. R. Civ. P. 26(b). Subject to and without waiving said objections, plaintiff states that he has at no time, during the course of this action, alleged physical injury as a result of the defendants actions.

**INTERROGATORY NO. 16**

Please identify by full name and address, each person who witnessed any of the occurances alleged in your complaint, stating with respect to each person the facts which he or she witnessed and the substance of the knowledge with respect to the occurances alleged in your complaint which such person has.

**ANSWER NO. 16**

Plaintiff objects to this interrogatory ion the grounds that it is vague, unduly burdensome, and overly broad. Subject to and without waiving said objections, plaintiff states that he has no present recollection of who may or may not have been witness to any of the occurances alleged in the complaint.

**INTERROGATORY NO. 17**

Please identify by full name and address all persons whom you have obtained written (signed or unsigned) or oral statements regarding the occurances alleged in your complaint, and set forth the the dates and substance of any such statements.

**ANSWER NO. 17**

- 32 -

approved item. The plaintiff informed Howland that the Inmate Religious Request forms were to request the approval of new items not to request the purchase of already approved items. Howland's answer was, "Yeah, but this is the Treatment Center." Novero stated that, "This is over." and walked out of the room, folowed by Howland. Approximately 30 minutes later Howland returned to the plaintiff's cell house and called him to the front he placed a form infront of the palintiff and said, "sign this". The plaintiff asked what the form was and Howland informed him that it would indicate that the grievance had been satisfactorily resolved. The plaintiff refused to sign the form.

Dated: November 5, 2005

Respectfully submitted,

William G. Stevens, Pro Se
Nemansket Correctional Center
30 Administration Road
Bridgewater, MA 02324

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by intra-institutional mail.

DATE 11-5-05